(No. 4761—

LILLIE FINN, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 21, 1961.*

*Petition of claimant for rehearing denied January 9, 1962.*

JOSEPH COHN, Attorney for Claimant.

WILLIAM L. GUILD, Attorney General; WILLIAM H. SOUTH, Assistant Attorney General, for Respondent.

FEARER, J.

This is an action commenced and maintained by claimant, Lillie Finn, to recover damages for personal injuries, which she sustained on July 22, 1956, when she stepped into a hole in the playground area where there were swings, teeter-totters and slides, which area was located approximately 500 feet from the Lodge in the Pere Marquette State Park near Grafton, Illinois. At said time she was watching her small granddaughter play on the swings.

The complaint charged that respondent, through its agents and servants, negligently, carelessly and unlaw-

fully maintained said park in one or more of the following respects:

a. Failed to inspect the grounds in said park so as to ascertain the existence of any holes in the grounds, which may have endangered the public and this claimant in particular.

b. Created, or allowed to be created, a large and dangerous hole in the playground area of said park, which hole became and was covered with grass and foliage, so as to render it difficult to discern by the public and this claimant.

c. Neglected and failed to post notices of warning of the existence of said hole, thus endangering the safety of the public and this claimant.

d. Allowed said hole to remain in such a condition as to be concealed from the public and this claimant, and thus created a dangerous trap.

The complaint states that said hole was located in an area comprised by or immediately adjacent to the area commonly known as the children's playground; further, that respondent knew, or, by the use of reasonable care and diligence, could have known, and was under a duty to learn of the existence of such hole.

As a proximate result of the negligence of respondent, by and through its agents and servants, claimant fell, or was caused to fall to the ground; that she sustained serious permanent and painful injuries to her body and limbs. She sustained a fracture of the ankle, which is permanent in nature, for which she has become liable to spend sums of money for the services of doctors and other medical treatment. Said injuries have permanently disabled claimant, and have prevented her from transacting her usual business.

On July 22, 1956, claimant, Lillie Finn, together with other members of her family, drove to Pere Marquette

State Park near Grafton, Illinois, in two cars. Upon arrival, each person, including claimant, paid the admission charge of ten cents, and, after using the Lodge facilities for luncheon, the children in the group, accompanied by claimant, went to the playground area, which was located about 500 feet from the Lodge.

The playground area is approximately fifty feet square, does not contain sidewalks, and the swings, teeter-totters and slides were located on the grass. After claimant had been in the playground for about a half an hour she stepped in a hole, which she did not see prior to her fall. The position of the hole in reference to the playground equipment was estimated to be about ten feet from the swings.

The hole has been described as being 12 to 13 inches in width, 4 to 5 inches deep, with a sloping gradual indentation with grass growing in the hole, which was not noticed by agents of respondent in mowing the area, or by claimant. In fact, no one testified that they had ever noticed this hole previously. There was grass growing in the hole, which also covered the top of the hole. There was no loose sod or grass in the hole or fresh earth.

It appears from the testimony of the custodian of the park, Mr. Studebaker, that "It was just about like the way they said."

Immediately after the fall the custodian was called to render first aid, and a rock was placed in the hole. Later on dirt was used in filling the hole to correct the condition, which existed at the time claimant fell.

Claimant's ankle became painful and swollen to such an extent that she could not walk on her right foot. She consulted Dr. Carl Vohs, a physician of St. Louis, Missouri, who, after x-raying her ankle, applied a plaster

cast covering the right foot extending to the knee joint, and had her remain in bed for a month. After a period of six or seven weeks the cast was shortened. Claimant was required to move from an upstairs apartment to one downstairs, and to use a wheelchair and then crutches. She continued under the care of Dr. Vohs until July 30, 1957, and she was required to hire domestic help for a period of four months at $20.00 a week.

Exhibits were admitted in evidence reflecting the following expenses incurred as the result of the accident in question:

| | |
|---|---:|
| Rental of bed and crutches | $13.00 |
| Rental of wheel chair | 11.00 |
| Delivery of bed and wheel chair | 5.00 |
| X-ray examinations | 42.50 |
| Dr. Carl Vohs, medical bill | 75.00 |
| X-ray examination | 1u.00 |
| Domestic help | 320.00 |
| Total | $476.50 |

It was stipulated that the medical report of Dr. Carl F. Vohs be admitted in evidence, which set forth the nature and extent of the injuries sustained.

Claimant contends that:

1. Inasmuch as she paid admission to the State Park, she became a business invitee.

2. Respondent owed towards claimant a duty to keep the premises in a reasonably safe condition.

3. The operator of a place of public amusement impliedly warrants the safe condition of the premises.

4. The land owner is under a constant duty to inspect the premises to discover defects.

We have previously held that the State of Illinois is not an insurer of all persons, who use and enjoy State parks. *Stedman* vs. *State of Illinois,* 22 C.C.R. 446, 448.

"While it is true that respondent is under a duty to exercise reasonable care in maintaining its parks, it is

likewise the law that respondent is not an insurer against accidents occurring to patrons while using the park facilities." *Kamin* vs. *State of Illinois,* 21 C.C.R. 467; *Penwell* vs. *State of Illinois,* 22 C.C.R. 477.

It has been the law of this State that, before the State can be held liable for an injury on property maintained by it, it must have actual or constructive notice of the dangerous or hazardous condition. *Penwell* vs. *State of Illinois,* 22 C.C.R. 477, 485. *Weygandt* vs. *State of Illinois,* 22 C.C.R. 478. In these opinions the following cases were cited: *Delaney* vs. *State of Illinois,* 21 C.C.R. 191; *DiOrio* vs. *State of Illinois,* 20 C.C.R. 53; and, *Arnett* vs. *City of Roodhouse,* 330 Ill. App. 524.

We have previously held that the State of Illinois, in maintaining a nature park, is not obligated to warn of every dangerous place within it. It is, however, obligated to warn of a danger that exists along a trail, which it knows is being used by the public, who would have no knowledge of the existing danger. *Alberta Hansen, Administrator of the Estate of Edward Boegen, deceased,* vs. *State of Illinois,* No. 4843.

It is our opinion that the State cannot be held responsible for every depressed area or hole into which someone might step and turn their ankle, or otherwise injure themselves throughout the State parks. To require constant inspection in a park of some size, where the State maintains several thousand acres for the benefit of the public, would place an undue hardship and extraordinary burden on the State, by and through its agents and servants.

Furthermore, before the State can be held liable for an accident, it must have, and we have so previously held, actual or constructive notice of the dangerous condition.

Previously we have denied recovery in the following cases: *Stedman* vs. *State of Illinois*, 22 C.C.R. 446; *Kamin* vs. *State of Illinois*, 21 C.C.R. 467.

We further denied recovery in the case of *Weygandt* vs. *State of Illinois*, 22 C.C.R. 478, based upon the fact that the State did not have either actual or constructive notice of the defect, which allegedly caused the injury to claimant.

No answer having been filed by respondent, a general traverse or denial of the facts set forth in the complaint shall be considered as filed under Rule 11 of this Court.

Claimant admits that no actual notice was given to respondent, and we believe that it can be conceded that it did not have constructive notice of the depressed area referred to. However, in the reply brief claimant is distinguishing this case from the Kamin case on the fact that claimant in the present case was not in a remote area of the park, but was within an area comparatively close to the Lodge where the swings and play area were located, and that the State should inspect such an area for any hazards, which could cause injuries to those enjoying said park.

From the testimony, the depressed area was covered with grass, which was not apparent to claimant, and did not appear to be apparent to the agents or servants of respondent in mowing the area about once a week. Because of the grass growing in and on top of the depressed area, it was not visible to the employees working within the area. There was no evidence that anyone ever noticed this depression, as described, before, or ever called it to the attention of the caretaker or anyone else, so that it could be repaired.

If we are going to adhere strictly to the rule that the State is not liable unless it has actual or constructive

notice of a dangerous or hazardous condition, this claim must be denied.

Claimant has the burden of proving, first, that she was free from contributory negligence, and from the record we cannot find that she was guilty of any negligence, which contributed to her own injury; second, that the State had actual or constructive notice of the condition, which amounted to negligence and the proximate cause; and, third, damages.

In practically all of the State parks there are certain areas for picnicking, play areas for baseball, swings, and areas of recreation where the ground might be depressed, and where someone might turn their ankle, which would result in injuries, such as were sustained by claimant. If a recovery were had in all these cases, the State could be considered an insurer of everyone using the park facilities and playground areas, which would place an undue burden on the State to make careful inspection of every playground area as to any depression, which might be covered by grass, such as the one in question.

It is, therefore, very important that claimants, in cases of this kind, prove first the hazardous and dangerous condition, and, second, that the State had actual or constructive notice before the State can be held liable.

The claim of Lillie Finn is hereby denied.