PER CURIAM.

(No. 5620—▮▮▮▮▮▮▮▮▮▮)

BARBARA L. BAREN, Claimant, *vs.* STATE OF ILLINOIS, DIVISION OF HIGHWAYS, Respondent.

*Opinion filed November 12, 1974.*

GARBUTT & JACOBSON, by THOMAS LEE, Attorney for Claimant.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

PERLIN, C. J.

Claimant, Barbara Baren, seeks damages for injuries sustained on July 17, 1967, when she fractured a bone in her left foot as she stepped into a depression in a street maintained by respondent. Claimant contends that respondent was negligent in maintaining the street in that it had constructive notice of the defect, but failed to take remedial action. Respondent contends that claimant has failed to establish either that the State of Illinois had constructive notice of the defect, or that she was free of contributory negligence.

On July 17, 1967, at approximately noon, claimant, a twenty-four-year-old woman, parked her car in front of a cleaning store located at 2127 South 17th Avenue, Broadview, Illinois. She had previously visited the store on several occasions, parking in approximately the same place. She got out of her car on the driver's side with a load of laundry clutched to her chest, and walked around to the rear of the automobile. Claimant denied that her vision was in any way obstructed by the laundry bundle.

As she walked around the car and approached the curb separating the street from the sidewalk, she stepped into a depression in the street with her left foot and fell to the ground. Claimant testified that she was looking straight ahead at the time, and never saw the hole into which she stepped until after she fell.

Claimant was taken by ambulance to Oak Park Hospital, where it was determined that she sustained a fracture of the fifth metatarsal bone in her left foot. The foot was placed in a walking cast, which claimant wore for four weeks. For several weeks thereafter the foot was bandaged, and claimant walked with the aid of a cane. She was treated by Dr. Albert E. Rodriguez, an orthopedic surgeon, whose medical report was introduced into evidence.

Claimant, who earned $76 net per week at the time of the occurrence, did not return to work for four days. When she did return, she allegedly suffered pains in the foot and elected to take her paid vacation at that time. At the hearing herein, claimant alleged that she was still experiencing a throbbing pain at the fracture site, and that she was unable to continue participation in certain activities such as bowling and skating. A report of an examination of claimant on November 18, 1972, by Dr. Donald S. Miller was introduced into evidence and states that there is a deformity at the site of the healed fracture. However, a report of Dr. Carl Scuderi, who examined Claimant on August 31, 1973, at the request of respondent, states that the fracture had healed well.

Photographs of the hole into which claimant stepped were introduced into evidence by claimant, and show a depression in the street adjacent to the curb measuring approximately 3 feet long, 2 feet wide, and 3 to 4 inches deep. These photographs were authenticated by Lt. Robert Markey of the Broadview Police Department, who was called to the accident site and was present when they were taken.

William Saunders, the owner of the cleaning store at 2127 South 17th Street, witnessed the accident. He said that he happened to be looking out the window of his

store when he saw claimant step into the hole and fall to the ground. Saunders said that the hole was visible from his store. On direct examination, Saunders said that the hole had existed for from three to four months prior to the incident. On cross-examination Saunders was less certain as to the length of time it had existed, but was sure that it was over one month.

This Court has repeatedly held that the State is not an insurer of the safety of all persons upon its streets and highways, and the State's duty is limited to using reasonable care in the maintenance and repair of its streets. (*Weygandt* v. *State*, 22 C.C.R. 498) To recover for her injuries therefore, claimant bears the burden of establishing by a preponderance of the evidence that the respondent was negligent; that she herself was free of contributory negligence; and that the negligence of the respondent was the proximate cause of her injuries.

Claimant does not contend that the respondent had actual knowledge of the defect in 17th Street, but rather seeks to charge the respondent with constructive knowledge of the depression. Constructive notice of a dangerous condition may be charged to a party when, considering all the circumstances of a case, it is determined that in the exercise of reasonable care the party should have known of the existence of the condition. In *Joyner v. State*, 22 C.C.R. 213, 217, we said:

"Notice of the existence of a defect or obstruction in a municipal street may be implied, if the condition existed for such a length of time that the corporate authorities should have ascertained its existence and effected a remedy. This is always a question to be determined under the circumstances of the evidence in each case."

\* \* \*

"We \* \* \* must require strong and convincing proof to establish this element."

The primary factor to be considered in determining whether the respondent may properly be charged with

constructive notice of the existence of the hole in the street, is the length of time the defect existed. The only evidence offered on this issue was the testimony of William Saunders, the owner of the cleaning store adjacent to the accident site, who said that the hole was present for over one month, and possibly as long as three to four months.

While Saunders's testimony was somewhat less than precise as to the length of time the defect existed, claimant has established by a preponderance of the evidence, that the hole had existed for a sufficient period to have put the respondent on notice of its existence, and to enable respondent to either make repairs or erect a warning to pedestrian and vehicular traffic. See, *Gillespie* v. *State,* 25 C.C.R. 309.

Respondent claims that it was under no duty to maintain the road where the accident occurred for pedestrian traffic, because claimant was not walking in a designated pedestrian cross-walk. However, respondent owes a duty to maintain its roads in a reasonably safe condition for the purpose to which the portion in question is devoted. *Vanda* v. *State of Illinois,* 25 C.C.R. 213, 218. Here claimant had parked her car in a lawful manner, and was simply walking from her car to the sidewalk when the accident occurred. Her use of the portion of the pavement in question was entirely reasonable.

Nothing in claimant's actions, either immediately before, or at the time of the occurrence, gives rise to any question as to her exercise of due care for her own safety, and we find that she has established her freedom from contributory negligence.

We conclude that the claimant has established that respondent had constructive notice of the existence of the

hole in the pavement, and was negligent in failing to repair the defect. We further find, that the negligence of the respondent proximately caused claimant's injuries, and that claimant was free of contributory negligence.

Claimant's medical bills incurred as a result of the accident total $367.75 and she lost four days from work. We have considered the testimony as to the alleged permanency of claimant's injury, and find that she has made a normal recovery.

Claimant is hereby awarded the sum of $1,200.