(No. 73-CC-0350

ACME CARRIER, INC., Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed July 18, 1977.*

HEYL, ROYSTER, VOELKER & ALLEN, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General; STEPHEN A. TAGGE, Special Assistant Attorney General, for Respondent.

POLOS, C.J.

Claimant, Acme Carrier, Inc., has brought this action to recover for damages to its tractor-trailer, sustained on May 26, 1972, when it collided with a State vehicle.

The facts are not in dispute. On May 26, 1972, employees of the Department of Transportation of the State of Illinois were engaged in emergency patching on the Calumet Expressway at about 100th Street in Chicago, Illinois. It was a moving operation, involving two state vehicles. The first vehicle was a four-ton dump truck which pulled an asphalt heating kettle. The second vehicle, which trailed the first vehicle, was a tandem truck bearing a large sign reading "DO NOT FOLLOW".

Five State employees were involved in the patching. The vehicles had stopped in the center of the three westbound lanes of the Calumet Expressway when the accident occurred. The dump truck was approximately five feet in front of the hole that was being patched, and the tandem truck bearing the warning sign was approximately 30 feet to the rear of the dump truck.

Claimant's truck was being driven by one Alonzo Cummings, its employee. Cummings testified that he had been driving in the center of the three westbound lanes, following an automobile carrier truck. He said that the truck, which completely blocked his vision to the front, suddenly moved to another lane, and he saw the State dump truck stopped in the center lane. He said he did not have enough time to stop his truck, and swerved to the left. The right side of his tractor-trailer struck the state vehicle, skidded and overturned.

Cummings said that he saw no warning signs, flagmen or other indications that work was being done on the highway, and that a vehicle was stopped on the

road. He said that he was traveling about 35 to 40 miles per hour and was about 30 feet behind the automobile carrier when it moved from the center lane. He was 65 to 70 feet from the State truck when he first noticed it.

The State stipulated that Claimant sustained damages in the amount of $6,336.58 as a result of the accident.

Nathaniel Moore and Thomas Hollingsworth, called as witnesses by Respondent, both testified that they were members of the patching crew on the day of the accident. Their testimony established that the crew had a flagman behind the rear truck, who directed traffic to either side of the repair vehicles. Moore also said that the rear truck had a large sign reading "DO NOT FOLLOW," and was equipped with a mars light on the top of the cab and a caution light on the bumper. On both sides of the Mars light there were two flashing red lights.

Claimant contends that Respondent was negligent in failing to give proper warnings to traffic on the Calumet Expressway that State vehicles were stopped upon the highway. Respondent denies that it was negligent, and in turn contends that Claimant's driver was not in the exercise of reasonable care for his own safety at the time of the accident.

The State is not an insurer of the safety of all vehicles which travel upon its highways. However, the State does owe a duty to those upon its highways to maintain the highways in a reasonably safe condition for the purpose for which they are intended. *Schuck v. State, 25 Ill. Ct. Cl. 209; Emm v. State, 25 Ill. Ct. Cl. 213.* In order to recover in this action, Claimant bears the burden of proving, by a preponderance of the evidence, that State breached its duty of reasonable care; that the

State's breach of duty was the proximate cause of Claimant's injury; and that Claimant was free of contributory negligence.

We need not reach the issue of whether Respondent provided adequate warning of the patching operation under the circumstances, because we are pursuaded that Claimant, through its employee Alonzo Cummings, was not in the exercise of due care at the time of the accident.

Claimant's own evidence shows that Cummings, driving a tractor trailer at 35 to 40 miles per hour, was following another large truck by only 30 feet, although he was unable to see beyond the truck he was following. Cummings thus admits a violation of Ill.Rev.Stat., Ch. 95 1/2, §11-710(a), which provides:

"(a) The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicles and the traffic upon and the condition of the highway."

In fact, Cummings testified that due to the speed and weight of his vehicle, he could not stop in time to avoid the collision once he saw the State repair vehicles.

It also appears that Cummings violated Ill.Rev. Stat., Ch. 95 1/2, §11-710(b), which provides, in substance, that a vehicle of the type being driven by Cummings may not follow within 300 feet of another vehicle of the same type.

The Court must therefore conclude that Claimant, through its employee Cummings, was not in the exercise of due and reasonable care and caution at the time of the accident, and that this lack of due care contributed to the damage sustained by Claimant.

It is therefore ordered that this claim be, and hereby is, denied.