(No. 75-CC-0314—

ALICE WIGHTMAN, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 26, 1978.*

POCH, J.

On October 15, 1974, a claim was filed by Alice Wightman in which she seeks to recover damages for injuries sustained by reason of tripping or falling over a metal divider which separated the grass from the pavement, at the Abraham Lincoln Tomb State Memorial in Oak Ridge Cemetery, Springfield, Illinois.

The facts of the case are as follows:

On June 24, 1973, Claimant and her husband, Charles W. Wightman, went to Lincoln's Tomb at about 10:00 a.m. on a clear day to take a picture of the bust of Lincoln. Claimant testified that she could not get the bust focused properly so she stepped back and fell backwards, sustaining injuries to her right wrist and her gums.

Claimant stated that the cause of her fall was a metal rail along the blacktop or concrete.

At the hearing before the Commissioner, the Respondent called two witnesses on its behalf who testified as follows:

Eva M. Best, employee of State of Illinois, who was working at Lincoln's Tomb on the date of the accident, stated that she asked the Claimant "What happened to her" and Claimant answered her by stating "Well, if I had been watching where I was going, I wouldn't have fell."

Arlie Harris, employed as a tour guide of Lincoln's Tomb, who testified that the Claimant, in response to the question as to how the accident occurred, stated, "I tripped and fell."

This Court has held that the State of Illinois is not an insurer of safety of persons who visit its parks and recreation areas.

Rather, visitors to State parks are invitees to whom the State owes a duty of reasonable care in maintaining the premises. The Court refers to, *Damermuth v. State 25 Ill.Ct.Cl. 353, 356; Kamin v. State 21 Ill.Ct.Cl. 467.*

To recover on her claim, Claimant bears the burden of establishing by a preponderance of the evidence that Respondent breached its duty of reasonable care, that she was free of contributory negligence, and that the negligence of Respondent proximately caused her injury.

The Court finds that Claimant has failed to establish that Respondent was negligent in maintaining the walkway on which she had her accident. Claimant offered no evidence to show that Respondent had actual notice of the condition of the metal divider separating the two paved areas. No grass covered the metal divider.

Nor did the Claimant offer any evidence from which the Court could conclude that the State had

548

constructive notice of the condition of the walkway

Respondent may be charged with constructive notice of a dangerous condition when, from all the circumstances in a case, it is determined that Respondent should have been aware of the existence of the condition in the exercise of reasonable care as pointed out in *Joyner v. State 22 Ill.Ct.Cl. 213.*

There being no proof that Respondent was negligent, this claim is hereby denied.