(No. 80-CC-0578—

TINA OWENS DAVIS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 22, 1982.*

DONALD G. ZERWER, for Claimant.

TYRONE C. FAHNER, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

On May 25, 1979, Claimant visited her husband at the Stateville Penitentiary where he had been a prisoner

for approximately five years. She allegedly tripped and fell as a result of stepping in a small hole, or crack, in the sidewalk. As a result of this fall, Claimant received a cut in her right knee, suffered headaches, and incurred $2,800.00 in medical bills which were paid by Medicare.

For about five years, Claimant had been visiting her husband approximately once a week. She testified she had seen the hole that caused the accident in question many times, and was fully aware of its existence prior to the day of the accident.

On the day in question, it was a light, dry morning with the sidewalks in a normal and dry condition and not slippery. Claimant evidently forgot about the hole in the sidewalk and she fell, causing the injury complained of. No stitches were necessary and the scar was very small. Claimant was 66 years of age and she did not lose any time from work.

An employee of Stateville Penitentiary testified that when it was necessary that Claimant sign in to visit her husband, she could not see well enough, so an employee of the institution always signed in for her.

We have here a case in which the defect in the sidewalk, which evidently had existed for several years, was well known to the Claimant who had seen it many times but nevertheless fell as a result of stepping into said hole.

The supreme court of the State of Illinois has adopted the rule of comparative negligence which the Court believes should be the deciding factor in this case.

The record shows the State was negligent in permitting the hole to exist and Claimant was guilty of contributory negligence by being well aware of the location and condition of the crack, or hole.

The Court believes the negligence factor is as follows:

 1. State 10%
 2. Claimant 90%

Award is hereby granted in favor of Claimant in the amount of $400.00.