(No. 77-CC-2445— )

JAMES T. BARRY, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 7, 1982.*

KEITH L. YOUNG, for Claimant.

TYRONE C. FAHNER, Attorney General (EDWARD C. HURLEY, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

This claim is made against the State of Illinois in tort under the provisions of section 8(d) of the Court of Claims Act (Ill. Rev. Stat., ch. 37, par. 439.8(d)), and Claimant seeks damages for medical and hospital expenses, loss of earnings, pain, suffering and disability.

The complaint alleges that on the 30th day of May 1977, the State of Illinois owned and managed the Kankakee River State Park in Kankakee, Illinois. The complaint further alleges that Claimant was a visitor at the park on the above date and was injured when a wooden stairway, which extended from the top of a cliff to the bottom of a ravine, was in an unsafe condition, and that as a consequence thereof, Claimant fell from the stairway and suffered personal injuries.

The issues in this case are whether Respondent violated its duty with respect to the care and maintenance of the park and whether it was the result of said violation that Claimant suffered the injuries complained of; also whether the doctrine of comparative negligence applies to this particular case.

Claimant argues that the doctrine of comparative negligence, as decided in *Alvis v. Riber* (1981), 85 Ill. 2d 1, 421 N.E.2d 886, is applicable herein. The *Alvis* decision applies to all cases commencing on or after June 8, 1981. The date of the trial in this cause was May 18, 1981, prior to the Illinois adoption of the comparative negligence doctrine, and therefore, the comparative negligence doctrine does not apply to this cause.

The facts in this case show that Claimant visited the Kankakee State Park on May 30, 1977, with Tom McKenna, Paul Furlong, and Jane Renolds. They arrived at the park between 7:45 and 8:00 p.m. After arriving at

the park, the group walked one-half to three-quarters of a mile to the Rock Creek area of the park. Rock Creek is a canyon with a waterfall and the bottom of the canyon is reached by an L-shaped set of stairs running from top to bottom. The staircase consists of two sets of stairs interrupted by a four to five foot square platform. The stairs are uniformly four to five feet wide, six to nine inches deep, and six to nine inches high, with handrails on both sides of the stairs and platform. There are approximately 80 to 90 stairs total, with the platform being roughly midway down the stairs. The stairs turn at the platform and are commonly used by people after swimming or wading in the creek and are slippery when wet.

There were signs posted in the park that no swimming was allowed but evidently this restriction was disregarded by the public and was not strictly enforced by Respondent.

At the time of the accident, Claimant was climbing the stairs on the opposite side to the side he had originally descended. His right hand was on the railing and he carried half of a cooler in his left hand. Paul Furlong was carrying the other half of the cooler and was walking to Claimant's left. According to Claimant, as he left the platform his foot slipped and the handrail gave way in his hand whereupon he fell a distance of 30 to 35 feet. Paul Furlong felt a tug at the cooler and looked up to see that Claimant had fallen through the railing.

It is interesting to note that in the report of the accident by the watchman at the park, dated May 30, 1977, it stated that Claimant "fell from canyon ledge onto set of stairs by Rock Creek waterfalls breaking railing and stairs when falling." This is the only instance where the accident is described as above stated. It was not gone

into by either Claimant or Respondent so the Court will ignore any question on this account of the accident in this opinion. Suffice it to say that if this account was correct, it would have a great deal of weight in the Court's decision in this cause.

There is a direct contradiction in the testimony of the Claimant and his witnesses and that of Respondent's witnesses as to the condition of the railing. The evidence shows that this stairway was built in 1970 of specially treated lumber with the expectation that it would last 15 years or more.

Respondent introduced evidence to the effect that this railing was inspected weekly and that the individual who inspected the railing the day after the accident, Barry Thomas, testified he weighed over 215 pounds, that he inspected the stairway weekly, and that he put his weight upon the stairway to see if it showed any signs of breaking or giving way. He directly contradicted the testimony of Claimant and his witnesses when they stated that the upright post that supported the part of the railing that came loose was rotten.

Claimant suffered rather severe injuries, was off work for a considerable period of time, and evidently has some permanent damage to his left knee.

This Court has, in many decisions, laid down the rule as to what duty of reasonable care is required of the State to protect its visitors to State parks. It has also laid down the criteria as to the proof that must be made by a claimant before recovery can be made.

In 32 Ill. Ct. Cl. 546, an opinion was entered on December 26, 1978, in which the Court laid down the following rules:

"Negligence. Burden of Proof. In a negligence action Claimant has the burden of establishing by a preponderance of the evidence that Respondent was negligent, such negligence was the proximate cause of the accident, and that Claimant was not contributorily negligent.

Same—Duty of Care. Visitors to State parks are invitees to whom the State owes a duty of reasonable care in maintaining the premises.

Same—Notice of Defect. Respondent may be charged with constructive notice of a dangerous condition when, from all the circumstances in a case, it is determined that Respondent should have been aware of the existence of the condition in the exercise of reasonable care."

The same rule was followed in 24 Ill. Ct. Cl. 181, and in 22 Ill. Ct. Cl. 485, where the Court held that before the State can be held liable for an injury on property maintained by it, it must have actual or constructive notice of the dangerous or hazardous condition, and that such notice must be proved before the State is liable. This record is devoid of any such proof.

Claimant having failed in his burden of proof, an award is hereby denied.