(No. 79-CC-1020– )

MARGIE BECKER, a minor, by and through Patricia Becker, her mother and next friend, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 4, 1983.*

LOUIS E. OLIVERO, for Claimant.

NEIL F. HARTIGAN, Attorney General (GLEN P. LARNER, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

Claimant, Margie Becker, by her mother and next friend, seeks to recover damages from the State of Illinois for personal injuries sustained by the Claimant

while visiting Mattheissen State Park. The accident occurred on May 29, 1978, when the Claimant was 13 years old and she fell over a waterfall and dropped about 50 to 75 feet.

The area of the Mattheissen State Park where the Claimant was injured is called Cascade Falls. In this area, a long winding stairway is built into the side of the canyon, with handrails, leading directly into a rock basin (or creek bed) holding a pool of water. This pool of water empties over waterfalls into a lagoon approximately 50 to 75 feet below.

It is uncontroverted, that at the time of the accident, the stairs contained no warning signs nor devices stopping a person at the bottom. On the contrary, the steps lead directly into the rocky creek bed.

On the day of the accident, the Claimant walked down the steps and onto the creek bed. A number of people of mixed ages were swimming in the pool of water on top of the falls. The Claimant walked along the creek bed, stepped on a rock and slipped into the water. The Claimant does not remember anything that happened to her after she fell into the water, but it is uncontroverted that she was pulled from the water at the bottom of the falls.

The record contains evidence that this was not the first accident to happen at Cascade Falls. The site superintendent of Mattheissen State Park testified that there had been several accidents at this particular site. "There are more accidents in this area than other areas of the Park." The site superintendent further testified, without objection, that today there exists a fence that acts as a barrier to people going over the falls. On the date of the accident, May 29, 1978, there was no fence at that location. The fence presently contains a warning that it is

dangerous to walk or swim there. On May 29, 1978, there was no sign as you came down the stairs prohibiting anyone from walking down there. Finally, the superintendent testified that he knew of six previous accidents specifically at this falls area in recent years.

As a result of this fall, the Claimant suffered two compressed vertebral fractures and various other injuries. She was admitted to the hospital where she stayed for six days. Following the summer of 1979, she was again admitted to the hospital. Since January of 1980 and up to the hearing, she was receiving treatment from a chiropractor. The chiropractor testified that Claimant suffered extension misalignments of the lumbar and cervical spine, that she is in pain, is unable to do bending and lifting and will be permanently affected in her ability to be employed because of her injuries. Claimant was forced to leave school in her sophomore year because of her inability to be seated and to attend school on a full-time basis. Her sister and job supervisor testified as to her current limitations.

It is almost axiomatic that the State must exercise reasonable care in establishing, maintaining and supervising its parks. The State has the duty to exercise ordinary care to protect invitees from harm. Furthermore, the State is negligent where it has actual or constructive notice of a dangerous and unusual condition and fails to warn invitees thereof and protect them from harm. (*Jodlowski v. State of Illinois*, 26 Ill. Ct. Cl. 66.) In the instant case, the record is clear that the State had both constructive and actual knowledge as to the dangerous condition existing at the Cascade Falls in Mattheissen State Park. The record also contained evidence as to the relative ease in which the State could remedy this situation by erecting a fence and posting warning signs.

It is the opinion of this Court, therefore, that the State was negligent in its maintenance of this area at the time of this accident. Moreover, the record does not contain evidence of Claimant's negligence which contributed to her injury.

As a result of the foregoing negligence of the State, Claimant suffered a spinal fracture. Spinal fractures are painful injuries that permanently hamper the employability of those suffering them. There is medical testimony in the record that Claimant has been so hampered. Her inability to complete her high school education was also a serious consequence of the accident. It is the preponderance of the evidence that the Claimant will continue to suffer as a result of the fall both economically and in terms of physical pain during her 60.6 years of life expectancy.

Therefore, the Claimant is hereby awarded the sum of forty thousand ($40,000.00) dollars.