(No. 86-CC-1067— <span style="background:black">    </span>

BARBARA LYONS, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed April 21, 1987.*

WINSTEIN, KAVENSKY, WALLACE & DOUGHTY (CRAIG L. KAVENSKY, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (CLAIRE TAYLOR, Assistant Attorney General, of counsel), for Respondent.

POCH, J.

This claim arises out of an accident which occurred on November 25, 1984. Claimant seeks to recover for injuries she sustained when she fell after descending a flight of stairs constructed of wood and maintained by the Respondent at Black Hawk State Park located near Rock Island, Illinois.

On October 9, 1986, Commissioner Bruno P. Bernabei held a hearing on the evidence. The commissioner has duly filed his report, together with the transcript, exhibits and briefs now before us.

The Claimant testified that as she stepped off the last step of the stairway with her left foot on to a wooden platform, her left foot became caught in a hole located on said platform. She further testified that as she brought her right foot down, it also became lodged in the hole located on the platform, thereby causing her to fall to the ground.

The injuries consisted of fractures to both of her ankles, the right ankle suffering a nondisplaced break of the distal fibula, and the left ankle suffered fractures involving three breaks. She was treated by Dr. Richard Ripperger, who last examined her approximately four months after the accident noting good range of motion. Although Claimant was advised by the treating physician to return for a follow-up within three months if she was still experiencing difficulty, Claimant testified that she did not in fact return to the doctor.

The testimony by Respondent's witnesses was to the effect that the stairway and platform in question were originally built in 1976 and that the stairway itself was replaced in the summer of 1984. There was further testimony that the stairway and platform were last inspected during the first week of November 1984, at which time they were found to be in good condition. The platform itself was constructed of two-inch by 10-inch boards with a thickness of 1½ inches. The testimony indicated that the wood was specially treated, but it would still be subject to deterioration from the weather.

At the time of the hearing, the Claimant testified that she still has pins in her left ankle and that she notices swelling in both of her ankles. She further testified that, depending on the weather, she experiences considerable pain. Claimant testified that she is no longer able to walk the distances that she was able to prior to the accident,

and is concerned that she will not be able to return to her nursing profession.

Total medical expenses incurred because of the injury to Claimant were in the amount of $5,143.35, and of said amount all but $1,078.48 was paid for by insurance providers.

Claimant relies on *Baren v. State* (1974), 30 Ill. Ct. Cl. 162, wherein the Court held that the existence of a hole on a public street for over a month gave the State constructive notice of its existence and that the State was under a duty to either make repairs or erect a warning of said condition. The Claimant feels that based on photographs taken within one month of the accident, which were introduced into evidence, showing a hole which would appear to have been in existence for some time, the Respondent would, therefore, have constructive notice of the dangerous condition.

From the evidence introduced and the testimony of witnesses, it appears that the alleged defect had not rotted through the board and, at best, would be construed to be a minor defect in the platform. This Court has noted that minor defects are not actionable in that no one would anticipate danger from such minor defects. If, in this case, the condition had worsened and deteriorated into a hole in the platform, it would have become a dangerous condition, thereby imposing responsibility on the Respondent, if the said Respondent had actual notice thereof or sufficient evidence supporting constructive notice. This does not appear to be the case under the evidence presented in this matter.

This Court has previously found that the Respondent State has a duty to exercise reasonable care in the maintenance of its parks. (*Finn v. State* (1962), 24 Ill. Ct.

Cl. 177.) The Respondent is not an insurer against accidents occurring to visitors to park facilities, and is not required to undertake extraordinarily burdensome inspections. (*Finn, supra.*) The facts, as set out above, establish that the park personnel made weekly summer inspections, responded immediately to complaints, and made repairs promptly. A case directly on point is *Barry v. State* (1982), 35 Ill. Ct. Cl. 131. In *Barry*, the Claimant fell off a wooden stairway on a hiking trail when the handrail gave way. Weekly inspections had been made of that structure, as they were in this case. Recovery was denied in *Barry*, for lack of notice of the defective condition.

It is a principle of law that an invitee, such as the Claimant, assumes normal or obvious risks attendant to the use of premises. (*Lindberg v. State* (1954), 22 Ill. Ct. Cl. 29.) Because the State is not an insurer it cannot be expected to remove all risks of accidents which may occur in the absence of negligence. Obviously, there are certain risks inherent in hiking that must be assumed by the hiker. *Kamin v. Illinois* (1953), 21 Ill. Ct. Cl. 467.

The burden is upon the Claimant to prove by a preponderance of the evidence that the State breached its duty of reasonable care.

It is the opinion of the Court that Claimant has not shown by a preponderance of the evidence that the State was negligent and therefore this claim is denied.