(No. 86-CC-0822-

JACQUELINE D. MOORE, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 22, 1991.*

JANINE L. HOFT and JAN SUSLER, for Claimant.

ROLAND W. BURRIS, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, J.

The Claimant's action is for personal injury sustained at the Stateville Correctional Institution on August 22, 1984, while visiting a friend who was a resident there.

The Claimant, Jacqueline Moore, arrived at Stateville at approximately noon that day, proceeded through the receiving building and was directed outside to a concrete walkway that led to the Institution itself.

As the Claimant walked towards the steps of the institution, she testified the walkway looked even and unobstructed, but her right foot abruptly stepped down onto a metal cover recessed several inches below the rest of the pavement. The Claimant lost her balance, her right knee hit the pavement and she landed on her buttocks. The Claimant was ultimately diagnosed as having sprained her ankle, but she was carried to the prison infirmary on a stretcher. Her foot swelled and her knee was bleeding. When she left the institution somewhat later, she sought medical aid at Rush-Presbyterian-St. Luke's Hospital. Her ankle felt better in a week or so.

Before the State can be held liable for injuries caused by an alleged defective condition, it is necessary that there be evidence showing that an unsafe condition existed and that the State had actual or constructive notice of the unsafe condition. *Pigott v. State* (1968), 26 Ill. Ct. Cl. 262.

The Claimant has the burden to show by the preponderance of the evidence that the drop in the sidewalk was an unsafe condition in the circumstances. Common observations of sidewalks show dips, inclines,

curbs, driveways, etc. Persons walking along have the obligation to be on the lookout for such conditions. The present circumstances would however, lead a walker to believe that the sidewalk would be relatively free of defects, as it was a sidewalk on the prison grounds between the Administration building and the building used by visitors.

The Claimant described a manhole cover that was 2½ inches below the sidewalk, and a concrete sidewalk that inclined in a dip to the level of the manhole cover. The base of the dip was described as being 1½ feet in diameter. Such a step down in what is primarily a pedestrian walkway could be an unsafe condition, and the State had notice of it. We find that the Claimant has met her burden of proof. (See *Davis v. State* (1982), 35 Ill. Ct. Cl. 269.) Evidence tending to disprove an unsafe condition could have been entered by the Respondent by photographs, direct testimony, etc., but it was not.

At the same time, the conditions were good; it was daylight; and the Claimant had an obligation to proceed with due care. Therefore, we find that the Claimant was also negligent. We find both parties each 50% negligent.

The Claimant has introduced or testified to medical bills in the amount of $602.00. We also find that the Claimant should be awarded damages for pain and suffering in the amount of $1,500.00. As the Claimant was 50% negligent, said damages shall be reduced by one-half. Therefore, we award the Claimant $1,051.00.