(No. 87-CC-3870—)

BETH DUNBAR, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 31, 1992.*

ELLEN E. JENKINS, for Claimant.

ROLAND W. BURRIS, Attorney General (PATRICIA L. HAYES, Assistant Attorney General, of counsel), for Respondent.

176

OPINION

Jann, J.

Claimant seeks damages for personal injuries sustained by her on August 24, 1986, at the DuQuoin State Fairgrounds at DuQuoin, Perry County, Illinois. Claimant alleges that she fell in a hole and suffered a broken ankle due to Respondent's negligence.

Claimant, accompanied by her husband, visited friends and relatives at the Rend Lake Marina at Rend Lake and proceeded to the DuQuoin State Fairgrounds at approximately 6:00 p.m. Mrs. Dunbar and her husband walked the midway, talked with friends, and stopped to drink beer at a beer tent. Claimant and her husband left the beer tent about 7:30 or 8:00 p.m. and walked through the midway into the grandstand with some acquaintances. Claimant testified she used a restroom at the grandstand and proceeded from the south end of the grandstand toward a circular wooded area surrounded by curbing and pavement.

Claimant testified she walked through the wooded area because it was a shortcut, although she also testified

she had no specific destination. She was walking alone at the time of the incident in question. Claimant said she took four or five steps into the wooded area and fell into a hole approximately 18 inches deep and six feet wide. She fell to her back and felt pain in her ankle.

It was dusk at the time Claimant fell and still somewhat light. There was no artificial lighting in the wooded area. There were no fences, barricades or pedestrian warnings posted to deter pedestrian traffic from the area. Claimant testified that it was darker and more difficult to see inside the wooded area than on the paved road which bounded the area. She stated that there were flattened areas of grass and plants which looked as if others had used it as a pathway. She was obliged to make her way around bushes, tree limbs and other holes to cross the wooded area. Claimant did not see the hole where she was injured before falling.

Claimant's husband, who had been walking with a group of others on the paved road, heard his wife call for help and proceeded into the wooded area to assist her. Mr. Dunbar testified that the hole had some grass and weeds inside but was not fully covered by vegetation. He said he had cut through the woods in prior years and had seen several open and obvious holes in the area. He also stated he had seen people using the area to consume alcohol and go to the bathroom. Under cross-examination, Mr. Dunbar said he had been through the area less than five times up to 1985.

At hearing, Claimant was asked why she went through the woods while the others in her company went around the woods on the paved walkway. She responded, "I have no answer for that." However, Claimant admitted on cross-examination that she had a disagreement with

her husband and was angry when she walked into the wooded area. She further admitted that her anger may have impeded her ability to look around and see what she was doing. Claimant also testified that she had consumed five or six beers in the 4½ hours preceding her injury. When questioned as to the effect of this quantity of alcohol, she said, "Oh, probably a little lightheaded or something. I don't know."

Respondent presented Michael DuBois, manager of the DuQuoin State Fair. Mr. DuBois testified that the fairgrounds is a park-like setting with no sidewalks and paving only on the roads. The area in question is a mature landscaped area of pine trees and shrubs surrounding it. It is surrounded by paving on all three sides and has no purpose other than as an esthetic accent to the property. The landscaping has been in place for 35 to 40 years and the perimeter shrubbery is quite heavy, standing at least three to four feet high. A pedestrian would have to brush by shrubbery to enter the landscaped area. After the State acquired the fairgrounds in 1986, nothing was done to the interior of the landscaped area. Mr. DuBois stated that there are no established walking paths through the area and only the outer edges of the landscaped area are mowed, as the area is not intended for pedestrian passage.

In order for Claimant to recover upon a theory of negligence, she must prove by a preponderance of the evidence that the State has breached its duty of reasonable care, that said breach is a proximate cause of Claimant's injuries and that Claimant was injured as a result of said negligence. (*Acme Carrier, Inc. v. State* (1977), 32 Ill. Ct. Cl. 83.) The Claimant must also establish that the State had notice, either actual or constructive, of the purported defect before recovery is allowed.

*Hitt v. State* (1982), 35 Ill. Ct. Cl. 798; *Becker v. State* (1983), 35 Ill. Ct. Cl. 704.

This Court has held that the State of Illinois is not an insurer of the safety of persons who visit its parks and recreational areas. Visitors to State parks are invitees to whom the State owes a duty of reasonable care in maintaining the premises. (*Heimann v. State* (1977), 32 Ill. Ct. Cl. 111.) The State has an additional duty to exercise ordinary care to protect invitees from harm (*Jodlowski v. State* (1967), 26 Ill. Ct. Cl. 66), and to exercise reasonable care in the maintenance of its parks (*Finn v. State* (1962), 24 Ill. Ct. Cl. 177). However, the State is not required to undertake extraordinarily burdensome inspections or maintain its parks in such condition that patrons may wander at will over each and every portion thereof. *Lyons v. State* (1987), 39 Ill. Ct. Cl. 192; *Pulizanno v. State* (1956), 22 Ill. Ct. Cl. 234.

Claimant has not shown by a preponderance of the evidence that the State breached its duty of ordinary care. Claimant took a shortcut through a landscaped area where she had to push through large shrubs and bushes to gain entry. The hole or depression which Claimant alleges caused her injuries was large and readily apparent, although her visibility may have been limited as she chose to enter the area at dusk or early evening.

The fact that Claimant sustained an ankle injury as a result of the hole or depression shown to exist in the landscaped area in question does not, in and of itself, establish said hole or depression as a condition of such unreasonable danger that the State had a duty to foresee that the condition would lead to an unreasonable risk of harm to invitees of the DuQuoin State Fair. Where Claimant chose to leave the paved path and enter the landscaped area at nightfall,

she assumed the normal, obvious and ordinary risks attendant to the use of the property. There is no evidence in the record indicating the hole or depression where Claimant fell was anything other than a natural condition.

Claimant's evidence did not establish that the landscaped area was routinely used by large numbers of people, and, indeed, it seems from the record that the contrary is true. Therefore, the State cannot be held to have had notice of the use of the landscaped area as a pedestrian pathway. The State purchased the fairgrounds four months prior to Claimant's accident.

For the foregoing reasons, Claimant's claim for damages is denied and this cause is hereby dismissed with prejudice.