(No. 90-CC-2875-

MICHAEL VARON, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 19, 1993.*

PATRICK MAHONEY & ASSOC. (PATRICK E. MAHONEY & THOMAS A. GOLDRICK, of counsel), for Claimant.

ROLAND W. BURRIS, Attorney General (MARY P. NEEDHAM & GEORGE M. SHUR, of counsel), for Respondent.

## OPINION

FREDERICK, J.

Claimant filed his claim in this Court on April 17, 1990. Claimant seeks $100,000 for injuries he alleges he received when a bench tipped over while he was preparing to lift weights in the weight room at Northern Illinois University. The cause was tried by Commissioner Sternik. The parties waived the filing of briefs.

### The Facts

On August 28, 1989, Claimant was a student at Northern Illinois University. Claimant was involved in athletics and had lifted weights all through high school and was a sophomore transfer student from the University of Arizona. He had lifted weights for many years. On the aforesaid date he went to the Northern Illinois University weight room for the first time to lift weights. In the weight room there was an attendant, named Linda Fredericks, 15 feet away from where Claimant began working out. The attendant gave no instructions to him in the use of weights. Claimant had a workout partner, who had worked with him for three months as his spotter. A spotter is one who makes sure the weights don't fall while lifting. His partner helped him do warm up stretches before going on the weight bench. Claimant lifted weights for about 25 minutes. He did warm-ups including 135-pound lifts off the weight bench.

Claimant then did weight lifts on the bench adding more and more weights on the set until he got to 315 pounds. There was no sign on the weight bench that indicated a limit on the weight that could be used. The spotter

had positioned himself on all previous lifts in order to catch the weights if they fell. Claimant began to lift his arms over his head to stretch prior to doing another lift. Claimant did this in order to loosen his chest muscles and prepare for the lift. The spotter was not in spotting position for these stretches. At this point the far end of the bench began to lift up towards him and Claimant slid backwards. His shoulder blades and back hit the ground first and then the weights came down on top of him because the bench came over. Claimant received a fractured radius and a fractured right wrist. Claimant had not attempted to lift the bar holding the weights. Claimant testified that he lost about one and a half to two inches of wrist muscle because of this accident. After Claimant's wrist healed he was unable to play baseball or racquetball because of pain in his wrist. He previously engaged in such activities. He also was not able to work in the family restaurant because of his wrist. Claimant also testified the injury caused him problems with his schoolwork and planned time of education.

On cross-examination, Claimant admitted that in his experience of six years lifting weights there were never any posted signs as to limits on a weight bench. He also testified that the weights were on the racks with a bar between them and that when the accident occurred, his spotter was five feet away. He stated that the bench was not bolted down. Claimant testified that he needed no instruction as to weightlifting from the university bulletin board or from the attendant. Claimant further testified he now does a little floor backing and has begun lifting weights again but not at a level he was at.

The Claimant's witness, Mr. Soltis, was a physical education teacher and has worked as such for 25 years. He had been a fitness director for three of those years at

Maine West High School. He also sold weight benches during that time. He gave as his opinion, based on his experiences, that the bench Claimant used should have been bolted to the floor to prevent tipping. He stated that most benches have a support to keep from tipping, at least those he was familiar with. He stated that the Respondent could have purchased an anti-tipping bench or welded an anti-tipping device to the bench. When the witness had sold benches, he only sold benches that bolted to the floor or had anti-tipping devices. The witness stated that the standard of care is to have an anti-tipping device built in the bench or have the bench bolted to the floor.

Linda Fredericks, the weight room supervisor, testified that when Claimant began to stretch prior to lifting, she went and told the spotter that his person was about to lift and to go over to the Claimant's bench. She testified that Claimant lifted his hands through the bar and that is when the accident happened. The witness could recall no incidents in one year of a bench tipping. No students had been injured by bench tipping. Further, this witness testified that Claimant had previously been stretching his arms over his head and through the bar with no adverse effects or tipping. She also stated that people stretch before lifting but not on the bench. She had never seen stretches done on the bench before.

Respondent also called the director of campus recreation who had lifted weights for 12 years. He stated that he was aware of no requirement by the manufacturer that the bench had to be bolted down. In his role of director he had heard of no cases of a bench tipping over. The director had attended numerous workshops on weightlifting and testified that it is unsafe to do stretches on the weight bench. Specifically, he stated that in Claimant's

situation it was not appropriate to stretch with the weight on it. He further testified that one should not stretch lying backward on a bench. This is so since the center of gravity would shift way over to one side of the bench. He further testified that it was strongly recommended that all weightlifters have spotters when lifting in the weight room. He said an experienced weightlifter should know that. He stated that the standard is that if a person sits at a bench and is beginning the process of getting in place for activity, the spotter should be there. Further, Respondent had no notice by manual or flyer or otherwise from the manufacturer that the bench would tip under certain circumstances.

## The Law

The State of Illinois has a duty to maintain the premises under its control in a reasonably safe condition for persons who are legitimately on those premises. (*Owens v. State* (1989), 41 Ill. Ct. Cl. 109.) However, the State is not the insurer of the safety of its invitees. (*Heiman v. State* (1977), 32 Ill. Ct. Cl. 111; *Fausch v. State* (1989), 42 Ill. Ct. Cl. 175.) The Claimant has the burden of proving by a preponderance of the evidence that Respondent breached its duty of reasonable care, that Claimant was free of contributory negligence (now in the context of comparative negligence), that the injuries complained of were causally connected to the alleged negligence, and that the State had actual or constructive notice of the dangerous condition from all the circumstances in the case. *Berger v. State* (1988), 40 Ill. Ct. Cl. 120.

The Claimant has proven that he was injured while stretching on the bench. However, there was no evidence presented that the State had actual or constructive notice that the unbolted bench constituted a dangerous condition for which the State had a duty to warn invitees and

protect them from harm. There was no evidence of prior accidents of this type or that the State had any warnings from the manufacturer or from any other source. *Belker v. State* (1983), 35 Ill. Ct. Cl. 704; *Boaz v. State* (1982), 35 Ill. Ct. Cl. 594; *Nolan v. State* (1983), 36 Ill. Ct. Cl. 194; *Senell v. State* (1979), 32 Ill. Ct. Cl. 430.

Claimant was an experienced weightlifter. However, his act of stretching on the end of the bench which was not a customary practice may have led to the bench tipping. The Claimant has not met his burden of proving that the State had actual or constructive notice of a dangerous condition since there was no evidence presented of prior accidents involving the weight bench although it had been in place for years. *Nolan v. State* (1983), 36 Ill. Ct. Cl. 194.

For the foregoing reasons, it is ordered that Claimant's claim is denied.