(No. 89-CC-2449-

ANDRAY DEWALT, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed June 29, 1994.*

ANDRAY DEWALT, *pro se*, for Claimant.

ROLAND W. BURRIS, Attorney General (MARY ELISE WALDEN, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, C.J.

On February 6, 1989, the Claimant, Andray DeWalt, filed a complaint seeking compensatory damages for an alleged injury sustained in a fall at the Centralia Correctional Center.

On November 24, 1988, Andray DeWalt entered the premises of the Centralia Correctional Center to visit her brother, Willie Dantzler. At approximately 2:00 p.m., during DeWalt's visit, she went to a change machine.

Near the machine was a guard's platform with a desk, a chair, and a guard on top of it. There was one step approximately 8 inches high, 11 inches deep, leading to the platform, and the platform itself was visible. DeWalt testified that when she approached the change machine, "somehow or another * * * tripped up this step and fell back behind the platform." DeWalt stated that her

brother helped her after the fall. DeWalt continued her visit with her brother, and at approximately 4:00 p.m., DeWalt spoke with the Centralia Correctional Center officer, John Rolf. At this time, an incident report was filled out by Rolf. DeWalt left the Centralia Correctional Center at approximately 4:30 p.m.

The State is not an insurer required to pay for all accidents that occur on its premises, rather the State must be found negligent. (*Gillmore v. State* (1986), 40 Ill. Ct. Cl. 85.) To recover upon a negligence theory, the Claimant must prove by a preponderance of the evidence that the State has breached its duty of reasonable care, that the breach is the proximate cause of the Claimant's injuries and that the Claimant was injured as a result of said negligence. (*Acme Carrier, Inc. v. State* (1977), 32 Ill. Ct. Cl. 83.) The Claimant must establish the State had actual or constructive notice of the alleged defect before recovery is allowed. *Hitt v. State* (1982), 35 Ill. Ct. Cl. 798; *Becker v. State* (1983), 35 Ill. Ct. Cl. 704.

The Claimant was legally on the premises, therefore, the State owed a duty of reasonable care and caution in keeping the premises reasonably safe for use by such persons, including the duty to exercise reasonable care in discovering defects or dangerous conditions existing on the premises. *Owens v. State* (1989), 41 Ill. Ct. Cl. 109.

Before the State can be held liable for injuries caused by an alleged defective condition, there must be evidence showing the unsafe condition existed and that the State had notice of that condition. *Pigott v. State* (1968), 26 Ill. Ct. Cl. 2521; *Moore v. State* (1991), 43 Ill. Ct. Cl. 204, 205.

The Claimant testified that the guard platform was large enough to hold a desk, that the step up to the plat-

form was approximately 8 inches high and 11 inches deep, and that the platform was visible. The Claimant did not establish that the placement of the guard platform was unsafe. In fact, the Claimant stated that "somehow or another, I tripped up this step," unaware of how or why she fell. There is no hidden defect that would make this platform unsafe. There is no evidence showing an unsafe condition existed.

Further, there appears to be no apparent danger that would give the State actual notice of an unsafe condition, nor was there evidence of a hidden defect that could have been discovered by reasonable care, so as to put the State on constructive notice.

The Claimant failed to establish by a preponderance of the evidence that an unsafe condition existed, that the State had notice of an unsafe condition, or that the State breached its duty of reasonable care to the Claimant.

Further, the Claimant has failed to establish that her alleged injuries were caused by the fall at the Centralia Correctional Center.

Generally, when proving a *prima facie* case of proximate cause in a negligence action alleging personal injuries, medical testimony is not required when there is a causal connection between the Respondent's act or omission and the injuries sustained by the Claimant. (*Harris v. Day* (1983), 115 Ill. App. 3d 762, 770.) The causal connection, however, must be clearly apparent from the injuries and the circumstances attending them. *Id.*

It is unclear as to what, if any, injuries the Claimant sustained. The Claimant testified that she went to the Gateway Community Hospital in Centralia, Illinois and the Bonita Chiropractic in California. The Claimant testi-

fied only that she had problems with her neck, back and knee.

The alleged injuries do not create a clearly apparent causal connection with the placement of the guard platform or the Claimant's fall near the platform. "Where the injury complained of is remote in time from the accident or the condition is one that is shrouded in controversy as to origin ° ° ° layman testimony may be insufficient to establish a *prima facie* showing of a causal relationship." *Harris v. Day* (1983), 115 Ill. App. 3d at 770; *Hyatt v. Cox* (1965), 57 Ill. App. 3d 293, 299.

The Claimant failed to establish a connection, let alone a causal connection between her alleged injuries and the State's maintenance of the Centralia Correctional Center visiting room. The Claimant was the only witness who testified at the evidentiary hearing. No medical evidence as to her injuries was produced. Medical evidence of causation was necessary in the Claimant's case.

The guard platform was large, apparent to the naked eye and not a hidden defect. The Claimant failed to use reasonable care so as not to injure herself on the readily apparent guard platform.

The Claimant has failed to prove by a preponderance of the evidence, any of the elements needed to recover upon a negligence theory. The Claimant has not shown a breach of duty, that a breach of such duty was the proximate cause of her injuries, and that she in fact had injuries caused by the incident complained of. For these reasons, the Claimant's claim is denied and dismissed.