**CARLSON v. UNITED STATES.**

No. 48 C 1146.

United States District Court
N. D. Illinois, E. D.

April 25, 1950.

See also 88 F.Supp. 337.

Crane, Kearney, Korzen & Phelan, Chicago, Ill., for plaintiff.

Otto Kerner, Jr., United States Attorney for the Northern District of Illinois, Chicago, Ill., for defendant.

CAMPBELL, District Judge.

This is an action under the Federal Tort Claims Act, 28 U.S.C.A. § 1346. The complaint alleges that plaintiff broke several bones in her ankle when she slipped and fell in the vestibule of the Lake View Post Office in the City of Chicago. A trial of the cause was had upon the merits, and the matter was thereupon taken under advisement upon the briefs of the parties.

The vestibule may be described in the following manner, as indicated by the evidence: Opposite the door leading into the building is a marble slab with glass above it; three steps lead up into the interior on

both the right and left sides of the vestibule; the floor is constructed of terrazzo. Plaintiff testified that it was a dark, rainy day; that there was a cocoa mat measuring 2½ by 3½ feet on the floor just inside the front door; that she wiped her feet on this mat upon entering; that, as she stepped off the mat, her foot slipped and she fell, incurring the injuries of which she complains. Plaintiff predicates recovery upon three acts of negligence of the defendant. They are (1) That the cocoa mat was of insufficient size; (2) That the lighting furnished either failed entirely or was insufficient; (3) That the floor of the vestibule was allowed to remain in a wet and dangerous condition.

It is unfortunate that plaintiff was injured, but the Court is obliged to hold that she has failed to prove liability on the part of the Government on the basis of the grounds above asserted. It is perfectly clear that the cocoa mat was placed inside the door so that persons transacting business within the Post Office could wipe their feet on it upon entering the building. This plaintiff did, and it is also clear that, although the mat was small, it was sufficient for the purpose for which it was intended.

The more credible evidence adduced indicates that the vestibule was lighted by means of a 150-watt light in the ceiling, 12 to 14 feet above the floor, and that it was adequate for plaintiff to detect water on the floor if she had taken the pains to look.

The Court is of the opinion that, although plaintiff has sufficiently proved that the floor was wet and somewhat slippery, she has failed to show either negligence on the part of the defendant or lack of contributory negligence on her own part. The owners or operators of buildings where the public is invited to come on business are not insurers against all forms of accidents that may happen to any who come. "If what was shown in this case was sufficient to permit recovery, it would require store owners to have a mopper stationed at the doors on rainy days for the sole purpose of mopping up after every customer entering or leaving the premises. Every store owner would be required to be an insurer against such accidents to public invitees who came in on rainy days with wet shoes." Sears, Roebuck & Co. v. Johnson, 10 Cir., 91 F.2d 332, 339.

Plaintiff herself testified that it had been raining all day, and that the sidewalks and streets were wet. With these facts in her possession, she was certainly apprised, or should have been, of the likelihood of the floor inside the Post Office being wet, and of the possibility of sustaining a fall as a result thereof. The case at bar comes squarely within the purview of the facts and the law as announced in Murray v. Bedell Co. of Chicago, 256 Ill.App. 247. There the plaintiff fell in the vestibule of defendant's store on a rainy day. The Illinois Appellate Court held that the trial court should have directed a verdict in favor of defendant, and stated:

"From the testimony of the plaintiff it is apparent that the danger, if any, was clearly evident to her, as well as the defendants, and that she was aware of the condition and of the possibility of sustaining a fall before she undertook to pass over and along the floor space of the vestibule.

"The condition described by the witnesses is one that is not only not unusual, but is customarily to be found on such days as described in the testimony, in vestibules of this character and the sidewalks and the premises surrounding entrances to public places. * * *

"In the case at bar the plaintiff was as well apprised of the condition existing in the vestibule as the defendant, and should be held to as high a degree of care for her own safety as would be required of the defendant." Cited with approval in Brunet v. S. S. Kresge Co., 7 Cir., 1940, 115 F.2d 713.

Judgment will, therefore, enter for defendant.