77

(No. 5111—)

Constance Kumiga, Claimant, *vs.* State of Illinois, Respondent.

*Opinion filed November 17, 1966.*

*Petition of Claimant for Rehearing denied March 20, 1967.*

Lewis L. Vishny and Benjamin J. Schultz, Attorneys for Claimant.

William G. Clark, Attorney General; Kevin J. Gillogly, Assistant Attorney General, for Respondent.

Pezman, J.

Claimant, Constance Kumiga, seeks to recover from respondent, State of Illinois, damages for personal injuries, which she sustained on February 6, 1962, when she fell outside the Illinois Secretary of State's Motor Vehicle Facility, which is located at 5401 Elston Avenue, Chicago, Illinois.

Claimant charges that her fall and resulting injuries were caused by the negligent and careless maintenance of the area way, entrances and approaches to said Facility. She alleges that respondent negligently permitted the accumulation of large amounts of snow, ice and other debris in said area way, entrances and approaches, and permitted the same to remain in such a condition for a

long period of time. Claimant further alleges that, as a result of said negligence, she was caused to slip and fall in the entrance way to said premises breaking her right leg, causing bruises and internal injuries, severe pain and suffering, and permanent injuries to her body.

The facts, as alleged by claimant, and upon which she bases her claim for damages, are as follows:

On February 6, 1962, claimant went to the Illinois Secretary of State's Motor Vehicle Facility, which was located at 5401 Elston Avenue, Chicago, Illinois, to purchase a set of license plates for her automobile. She parked her car in the parking lot at the rear of the Facility, and walked across the parking lot to a sidewalk adjacent to the rear of the building. Claimant proceeded along this sidewalk in a southeasterly direction toward the rear entrance of the building. In order for claimant to reach the entrance of said Facility, it was necessary for her to traverse the entire distance of that walk, step down from said sidewalk to a loading zone crosswalk, cross the loading zone crosswalk, and step up to another sidewalk leading directly to the entrance of the Facility. Claimant alleges that, when she reached the end of the first sidewalk and stepped down to the loading zone crosswalk, she slipped on accumulated snow and ice and fell sustaining an injury to her right leg. Claimant alleges that the sidewalk and crosswalk upon which she was walking and subsequently fell was covered with ice, and that she walked very carefully as though "walking on eggs."

The facts, as alleged by claimant, are disputed by respondent. Adolph S. Bier, an Investigator for the Office of the Secretary of State, was called as a witness on behalf of respondent. He stated that he was looking

out of a window of the Secretary of State's Office at 5401 Elston Avenue, approximately ten feet from where claimant fell, and that he saw claimant walking along the sidewalk at the rear of the building. He testified that he saw her step off of the curb, out of the crosswalk, and into an area known as a loading zone, and fall on a piece of ice, which was to the right side of the crosswalk and out of the crosswalk area. Mr. Bier further testified that the sidewalk and crosswalk across the loading zone were dry. He stated that the piece of ice in question was not in the location of the crosswalk across the loading zone, but rather was to the right of that area in the loading zone.

Theodore N. Pladis, an Investigator for the Secretary of State's Office, was also called as a witness by respondent. He testified that, when he was called to the scene of the accident by Investigator Bier, claimant was lying in the loading zone adjacent to the sidewalk at the rear of the Facility. He stated that there was no snow or ice on the sidewalk or crosswalk across the loading zone. He further testified that claimant told him that, upon stepping off the sidewalk into the loading zone, she slipped and fell on a piece of ice.

Alfred E. Schiller, a Lieutenant in the Investigation Department, North Facility, Secretary of State's Office, stated that, when he arrived at the scene, he observed claimant lying in the loading zone alongside the curb. He further testified that the walk and crosswalk were clear of ice and snow.

Our inquiry is first directed to the legal status of Constance Kumiga at the time and place of the accident. The Office of the Secretary of State, by means of advertising, mailings and notices, invited the public to come

to its various facilities, such as the one in question, for the purpose of purchasing license plates for automobiles. Claimant was clearly an invitee, and was, therefore, entitled to reasonable or ordinary care on the part of respondent to maintain its premises in a reasonably safe condition. This degree of care, however, does not impose a liability of an insurer as against any actions that may occur; it only requires that the owners of the premises use reasonable care. *Murray* vs. *Bedell Company,* 256 Ill. App. 247; *Rudolph Dreikurs and Sadie Dreikurs,* vs. *State of Illinois,* 23 C.C.R. 85.

It is fundamental that the burden of proof is upon claimant to establish negligence on the part of respondent, as well as her freedom from contributory negligence, before recovery can be had. In our judgment, claimant has not borne the burden of proof. The preponderance of the evidence indicates that the sidewalk and crosswalk area were free from snow and ice, and the respondent had exercised ordinary care in maintaining the sidewalk, crosswalk and approaches to the building. It is further to be noted that there is no evidence of any of the hundreds of other persons using the facility that day slipping or falling on ice or snow, or had had any difficulty in walking upon the sidewalk and crosswalk in question.

Even if we assume for a minute that the sidewalk and crosswalk were covered with ice, as alleged by claimant, it is clear from claimant's own testimony that that very condition was apparent to her. She should be held to have assumed whatever risks were involved in going upon the ice covered sidewalk and crosswalk. There was no hidden danger. She was completely cognizant of the condition of the sidewalk and crosswalk. In this

case, claimant was as well apprised of the condition of the sidewalk and crosswalk as respondent, and should be held to as high a degree of care for her own safety as would be required of respondent. *Murray* vs. *Bedell Company of Chicago,* 256 Ill. App. 247; *Carlson* vs. *United States,* 90 F. Supp. 159.

Further, this Court held in *Rudolph Dreikurs and Sadie Dreikurs vs. State of Illinois,* 23 C.C.R. 85, as follows:

"It is common knowledge that the northern half of Illinois is subject to miserable and many times dangerous conditions for four or five months of the year. Sleet, ice and snow make walking or driving a genuine hazard. In spite of reasonable efforts made to remove these hazards, many people are injured through no fault of their own. All who elect to live and work in this area, usually because economic conditions are better, assume a risk that does not exist in other parts of our country."

The claim is denied.