(No. 5700—)

ROMAN SANTIAGO, ET AL., Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 27, 1977.*

KARLIN and FLEISHER, Attorney for Claimants.

WILLIAM J. SCOTT, Attorney General; SAUL R. WEXLER, Assistant Attorney General, for Respondent.

SPIVACK, J.

The claim herein presented is one sounding in tort; specifically, that Claimants were injured and damaged in varying degrees as a proximate result of the negligence of the driver of an Emergency Patrol Vehicle ("E.P.V.") belonging to and under the control of the State of Illinois, Division of Highways.

The matter was assigned to Commissioner J. Barry Fisher who received evidence and heard arguments of counsel on June 21, 1972, July 17, 1972, and September 6, 1972. In due time, the Commissioner filed his report,

the transcripts of the testimony and argument, various exhibits and the parties' briefs and arguments with the Court, all of which are now before us.

The facts adduced by the Commissioner from the testimony of Claimant, of J. Shapiro (driver of the E.P.V.), of R. Pecaut (Illinois State Trooper called to the scene immediately following the accident), and of R. H. Swan (an independent eye witness) are in summary as follows:

On November 3, 1967, between 2:30 and 3:00 p.m. , Claimant was driving southbound on 194 C (Calumet Expressway), a six-lane highway divided by a median strip. Just south of 154th Street overpass, Claimant was in the inside lane (east), proceeding at about 45 miles per hour.

At said time and place, there were three vehicles stopped on the highway facing south. One passenger vehicle was entirely on the median strip and was stuck either in the mud or in a rut. A second vehicle, a jeep, was partly on the highway and partly on the median strip. The third vehicle, the E.P.V., was north of the other two, and partly on the highway and partly on the median.

The weather at the time was overcast or foggy, but visibility was good. The pavement was wet. The stopped vehicles were in a modest curve, however they could be seen from the north at a distance of one-half to one mile.

The emergency vehicle had flasher lights and dome lights which were on and functioning. No flares or fuses were on the highway north of the stopped vehicles. No evidence was given as to conditions of traffic on the outside lanes (west) at the time of the occurrence.

Claimant was behind one other vehicle which was between him and the E.P.V. This other unidentified

vehicle swerved to the outside (west) lane and Claimant found himself some "twenty-five feet" from the E.P.V. He was unable to swerve or stop and struck the rear of the E.P.V. with the front of his automobile. Injuries to Claimant and his wife and child who were passengers resulted from the collision.

Claimant's theory of the State's liability in this case rests upon two theories of negligence:

First, that the E.P.V. should, in the exercise of ordinary care, have pulled entirely off the highway and onto the median. In support of this contention, Claimant direct our attention to Ill.Rev.Stat., Ch. 95-1/2, §11-1301(a), which provides that no person shall leave any vehicle stopped upon a highway when it is practical to leave it stopped off the highway.

This argument fails for two reasons: first, that it would not have been practical to stop the E.P.V. entirely on the median since that would have left exposed to oncoming traffic the jeep that was partly on and partly off the highway. By being in the exact position it was, the E.P.V. successfully acted as a shield for the jeep. Secondly, Ill.Rev.Stat., Ch. 95-1/2, §411-205 (b), (c) and (d) provide that an emergency vehicle may stop irrespective of the chapter's other provisions if an appropriate visual signal is used. Clearly, the use and operation of the E.P.V.'s flasher and dome lights were appropriate visual signals.

Claimant's second theory of the State's negligence is based upon the contention that the exercise of ordinary care would require the E.P.V. to place flares or fuses behind the vehicle. We do not agree in view of the fact that the E.P.V. flashing and turning lights were visible for at least one-half mile from its stopped position. Had not these lights been visible for a reasonable distance,

then perhaps it could be persuasively argued that ordinary care would require some additional advance warning to be given to oncoming traffic.

In order for Claimant to recover, he must prove by a preponderance of the evidence that (1) Claimant was free from contributory negligence, (2) Respondent was negligent, and (3) such negligence was the proximate cause of the accident. *Wasilkowski vs. State,* (No. 4995, Aug. 6, 1973); *Weygandt vs. State,* 23 Ill.Ct.Cl. 478.

Claimant has wholly failed to prove his freedom from contributory negligence. No explanation is given for his failure to turn his car into the inside lane just prior to the collision, as did the unidentified car ahead; no explanation is given for his being "twenty-five feet" from the E.P.V. when he first observed it; no explanation is given for his being unable to stop his vehicle in time to avoid an obstruction in the highway; no explanation is given for his not seeing a large emergency vehicle with lights flashing and turning until he was within two car lengths from it. We can only speculate that Claimant must have been traveling too closely to the car ahead, too fast under the conditions of weather and traffic prevailing, and been inattentive to the conditions of traffic then existent.

Claimant, as previously discussed in this Opinion, has likewise failed to prove by a preponderance of the evidence that Respondent violated either its statutory duty or common law duty of ordinary care.

Finally, it is clear from the evidence that the proximate cause of the accident and of the injuries to all of the Claimants was the result of the negligence of the Claimant driver.

For all of the foregoing reasons, the claim of each Claimant herein is denied.