(No. 75-CC-0050

ELLEN HEIMANN, Claimant, *v.* STATE OF ILLINOIS, Respondent.

*Opinion filed December 19, 1977.*

DAVID SHULTZ and EUGENE PROPP, for Claimant.

WILLIAM J. SCOTT, Attorney General; WILLIAM KARAGANIS, Assistant Attorney General, for Respondent.

POLOS, C.J.

Claimant, Ellen Heimann, has brought this action to recover for the fracture of a bone in her right foot, suffered on July 14, 1973, at the Pere Marquette Lodge, in Grafton, Illinois. Respondent owned and main-

tained the lodge, and Claimant alleges that her injury was proximately caused by the failure of the Respondent to properly maintain a pedestrian walkway on the premises. Specifically, Claimant contends that Respondent permitted a tunnel-like depression to exist across the entire width of the walkway, and failed to warn of its existence or to properly illuminate the area.

Claimant was the sole witness to testify at the hearing herein, and the parties waived the filing of briefs.

Claimant testified that on July 14, 1973, she was visiting the Pere Marquette Lodge. At about 9:30 p.m., she was walking along an asphalt path from the lodge to the parking lot with her husband when she stepped into a depression in the walkway. She said her foot went out from under her and she fell, breaking a bone in her right foot.

Claimant said that there was no lighting to illuminate the walkway. She described the depression as "perhaps two inches deep, and maybe six inches wide, and then the width of the whole walk . . . " Claimant introduced into evidence a motion picture film of the walkway, showing that there was a depression, having the approximate dimensions described by Claimant.

This Court has held that the State of Illinois is not an insurer of safety of persons who visit its parks and recreation areas.

Rather, visitors to State parks are invitees to whom the State owes a duty of reasonable care in maintaining the premises. *Damermuth v. State, 25 Ill.Ct.Cl. 353, 356; Kamin v. State, 21 Ill.Ct.Cl. 467.*

To recover on her claim, Claimant bears the burden of establishing, by a preponderance of the evidence,

that Respondent breached its duty of reasonable care, that she was free of contributory negligence, and that the negligence of Respondent proximately caused her injury.

The Court finds that Claimant has failed to establish that Respondent was negligent in maintaining the walkway on which she had her accident. Claimant offered no evidence to show that Respondent had actual notice of the defect in the walkway. Nor did Claimant offer any evidence from which the Court could conclude that the State had constructive notice of its existence. Respondent may be charged with constructive notice of a dangerous condition when, from all the circumstances in a case, it is determined that Respondent should have been aware of the existence of the condition in the exercise of reasonable care. *Joyner v. State, 22 Ill.Ct.Cl. 213, 217 (1955).* Claimant has offered no evidence of the length of time which the defect in the walk existed, and from examination of the pictures of the walkway the Court finds that the defect was not of so obvious a character as to put the State on notice of its existence.

There being no proof that Respondent was negligent in maintaining the walkway, this claim is hereby denied.