(No. 78-CC-1482-)

CARL W. CLAYCOMB, a minor, by his father and next friend, Durrad W. Claycomb, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed August 31, 1981.*

RANDALL B. EHLERS, for Claimant.

TYRONE C. FAHNER, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

HOLDERMAN, J.

Claimant in this cause was a 14-year-old boy when he sustained an injury while using a swing at the Moraine View State Park on May 27, 1978.

The injured individual and his parents were using the facilities at the State park for which Claimant's father had paid an admission fee.

The evidence indicates that the swing had been inspected by a State employee on May 18, 1978, and was found to be in good condition. There is also evidence to the effect that shortly before Claimant began using the swing, a park patron also inspected the swing set and allowed his grandchildren to swing on it.

Claimant had been on the swing approximately five minutes when the chain broke. A witness testified that

Claimant had been "popping" the swing and jumping out of it.

This Court has repeatedly held that the State of Illinois is not an insurer of all persons using its facilities. It is the State's duty to exercise reasonable care and maintenance of its parks. This Court has previously held that the State must have had either actual or constructive notice of the defect that caused the injury for which a claimant is seeking to recover.

Moraine State Park consists of approximately 1,200 acres and is maintained by the State of Illinois for the use and entertainment of the public. In the cause at issue, the evidence shows that on May 18, 1978, nine days before the accident in question, the swing had been inspected by a State employee and found to be in good condition. The record is devoid of any evidence showing that the State had either actual or constructive notice of any defect in the chain that later broke and caused Claimant's injury.

In the case of *Finn v. State of Illinois*, 24 Ill. Ct. Cl. 177, there is a lengthy discussion of the duty of the State toward individuals using State parks. The Court held that the State "is not an insurer against accidents occurring to patrons while using the park facilities" and that "before the State can be held liable for an injury on property maintained by it, it must have actual or constructive notice of the dangerous or hazardous condition." This case cites numerous decisions in the Court of Claims to the effect that Respondent is not an insurer of persons using park facilities and that the State must have actual or constructive notice of an alleged danger.

Based upon the decisions in the above cases, it is the Court's opinion that Claimant has failed to show any

negligence on the part of the State or that the State had either actual or constructive notice of the defect complained of, and an award is hereby denied. This cause is dismissed.