(No. 83-CC-0300—<span style="background:black;color:black"></span>)

Owen Talbott, Claimant, *v.* The State of Illinois, Respondent.

*Opinion filed June 15, 1983.*

Owen Talbott, *pro se*, for Claimant.

Neil F. Hartigan, Attorney General (Lynn Schock, Assistant Attorney General, of counsel), for Respondent.

Holderman, J.

This matter comes before the Court upon Claimant's claim for damages to his 1972 Dodge Monaco automobile on April 17, 1982. Claimant's car was parked in the parking area of the White Pines State Park at Dixon, Illinois, while he and a companion went into a restaurant for lunch. While Claimant was in the restaurant, someone came in and said, "Who has a green Dodge out here?" and Claimant replied, "Well, I do." The other individual then told Claimant he had better go look at it. He and his companion went out and found a tree limb was on the top of the car, having caved in the whole top.

At the hearing, claimant was asked if he had any

evidence as to what caused this branch, or limb, to fall down and Claimant replied that he did not know what caused it to fall. He was then asked if he had any evidence that the tree was defective and he replied he did not.

Claimant's companion, Norman Wallin, also testified at the hearing. When asked what he knew about the accident, he stated that Claimant had parked his car, they had gone into the restaurant and had lunch, and were then informed the tree branch had fallen on the car. He stated there was no way of knowing anything about this before it happened. When asked what the weather conditions were on the day in question, he said he did not recall if it had been raining or not but that there was no wind that day. This is in direct conflict to the testimony of the park ranger who testified that on the day in question, there were winds of up to 47 m.p.h. When questioned as to what caused this tree to fall, Wallin stated he did not know.

A park ranger from White Pines State Park testified that on April 17, the day of the accident, he was not on duty. He stated that on April 15, at approximately 6:05 p.m., a tree was struck by lightning, but that he was not aware of that fact until April 17. He stated he did know lightning had struck a tree because at 6:05 p.m. an alarm went off in a cabin in the park and that splinters of the tree landed on the roof of the cabin which is a very short distance from where the accident happened. He further testified that several houses and trees were struck by lightning on the evening of April 15 and that it had been a bad storm. He stated that the first the State knew of this accident was on April 22 and he then began an investigation into weather conditions. He called the weather bureau in Moline, or Rock Island, and they informed him that on April 15, there had been thunderstorms starting

on the afternoon of that day, that on April 16, they reported gusts of wind up to 48 miles per hour, on April 17, the winds were 47 miles per hour, and the Rockford office reported 47 mile-per-hour winds on April 17 at 2:57 p.m., with the maximum gusts about two hours after this tree limb fell on Claimant's car at 1:00 p.m.

The park ranger further testified this was a Chinese elm tree and is, what he termed, a "trashy type tree." His testimony was further to the effect that he had no knowledge a tree might have been struck by lightning on April 15 until he began his investigation into this incident.

This Court is therefore faced with the proposition that an accident occurred as a result of a limb falling in a State park and the fact that the record is completely devoid of any showing that the State had either actual or constructive knowledge of the condition of the tree that caused the damage. There is not any evidence in the record showing that the limb fell from the tree that was struck by lightning and the record is completely devoid of any evidence that the State had knowledge of any defects in the tree prior to this accident. As a matter of fact, the record does not even designate any particular tree as causing the damages in question.

This Court has held that the State of Illinois is not an insurer of the safety of persons who visit its parks and recreation areas, but rather that visitors to State parks are invitees to whom the State owes a duty of reasonable care in maintaining the premises. *Heimann v. State* (1977), 32 Ill. Ct. Cl. 111, *Domermuth v. State* (1966), 25 Ill. Ct. Cl. 353, and *Kamin v. State* (1953), 21 Ill. Ct. Cl. 467.

This Court has also laid down the rule the Claimant bears the burden of establishing, by a preponderance of the evidence, that Respondent breached its duty of reasonable care, that he was free of contributory negligence,

and the negligence of Respondent proximately caused the injury.

Claimant offered no evidence to show Respondent had actual notice of the defect in the tree nor did Claimant offer any evidence from which this Court could conclude that the State had constructive knowledge of its existence. Respondent may be charged with constructive notice of a dangerous condition when, from all the circumstances in the case, it is determined that Respondent should have been aware of the existence of the condition in the exercise of reasonable care. Such evidence is lacking in the present case.

The Court also notes a complete lack of evidence in the record as to whether or not there was any other source from which Claimant could be reimbursed for his unfortunate loss.

There being no proof that Respondent was negligent in maintaining the park in question, this claim is hereby denied.