221

(No. 82-CC-247)

DARREL B. MARQUIS, d/b/a Marquis Brothers, Claimant, *v.*
THE STATE OF ILLINOIS, Respondent.

*Opinion filed February 28, 1985.*

PIERSON & MALONEY, for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

This is a claim brought by Darrel B. Marquis, d/b/a Marquis Brothers, against the State of Illinois whereby Claimant seeks recovery of $2,384.44, the undisputed amount of damage to Claimant's truck sustained as the result of an accident in which Claimant's vehicle collided with a State snowplow operated by Andrew Taliani, a State employee. A hearing was held before a commissioner on June 23, 1983. All briefs have been submitted and the commissioner has duly filed his report.

The accident occurred at 12:30 p.m., on March 4, 1982, on U.S. Route 6 and Route 34 at the west edge of Sheffield, in Bureau County, Illinois, when Claimant, traveling westbound behind the snowplow, entered the eastbound lane of travel and attempted to pass the

snowplow. As Claimant began accelerating to pass, Mr. Taliani turned the snowplow to the left from the westbound lane into the eastbound lane in an attempt to make a U-turn on said highway. It was Taliani's intent to turn around at that point and proceed back eastward on Route 6.

Claimant contends that the accident and the damage to his vehicle were the proximate result of Mr. Taliani's negligent operation of the snowplow. According to Claimant, Taliani failed to keep a proper lookout for Claimant's vehicle, failed to see it when he easily should have, and turned his vehicle to the left into the path of Claimant's passing vehicle when he should have known that the turn could not be made with reasonable safety. Additionally, Claimant contends that Taliani failed to give an appropriate left turn signal as required by the Illinois Vehicle Code (Ill. Rev. Stat., ch. 95½, par. 11—804), which if true, is a statutory violation and is *prima facie* evidence of negligence. *Old Second National Bank of Aurora v. Bauman* (1980), 86 Ill. App. 3d 315, 408 N.E.2d 224.

The State denies that Mr. Taliani was negligent and contends that even if he was, Claimant's own negligence should reduce his award proportionately. Claimant denies any negligence on his part.

Operators of State vehicles are charged with the same duty of care as other drivers upon the highway, and the State is liable for damages proximately caused by the operator's negligent acts. (*Santiago v. State* (1977), 31 Ill. Ct. Cl. 332.) At the time of the accident, therefore, Mr. Taliani was charged with the common law duty to exercise ordinary care at all times to avoid a collision. See I.P.I., 2nd, 70.01.

We find that the State employee, Andrew Taliani,

negligently operated the snowplow by driving it to the right, whereby his right wheels went onto the shoulder, and then making a left turn across the passing lane without adequately looking back to determine if the turn could be made in a reasonably safe manner. A driver's duty is to see that which he clearly should see. (*Payne v. Kingsley* (1965), 57 Ill. App. 2d 245, 207 N.E.2d 177.) Taliani clearly should have seen Claimant's vehicle if he looked before making the left turn.

We further find that the Claimant was also guilty of negligence, and therefore, his damages should be reduced pursuant to the doctrine of comparative negligence adopted in *Alvis v. Ribar* (1981), 85 Ill. 2d 1, 421 N.E.2d 886.) He should have foreseen that the snowplow would take unusual turns and, for that reason, should have exercised a greater degree of care for his safety and the protection of his property. It is the opinion of this Court that Claimant's recovery should be reduced by 25% due to his negligence.

Based on the foregoing, it is hereby ordered that the Claimant be, and is, hereby awarded the sum of $1,788.33, which is the amount of damages stipulated by the parties, reduced by 25% for the percentage of negligence assigned to the Claimant.