(No. 80-CC-162

HARRY ROSSETT, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 11, 1985.*

KUGLER, DE LEO & D'ARCO, LTD., for Claimant.

NEIL F. HARTIGAN, Attorney General (H. ALFRED RYAN, Assistant Attorney General, of counsel), for Respondent.

ROE, C.J.

The Claimant, Harry Rossett, brought this claim for damages against the Respondent for personal injuries he suffered from falling down stairs located at the Capitol Building in Springfield, Illinois, on June 6, 1978. The claim was assigned to a commissioner. A hearing was held. Both parties submitted briefs and the matter is now before us for decision.

According to the Claimant's testimony the facts are as follows:

On June 6, 1978, the Claimant, a paint salesman with about 50 years' experience, was in Springfield for the opening of bids furnished to the Respondent on paint for State buildings. About noon that day he left the

State Office Building and proceeded to and through the Capitol Building intending to return to the State House Inn where he was staying. The Claimant exited the Capitol on the north side and encountered a set of steps. He testified that it was "the most beautiful balmy day (he had) ever witnessed" and the steps were crowded with people who were eating. It was so crowded, he testified, that there were no paths open to walk through down the stairs and the people had to move just so he could get out the door. Railings were obstructed from view by the many people loitering about. As he pushed through the people to go down the steps, he stepped on a foreign substance, and fell forward very fast to the bottom of the stairs. He was taken by ambulance to Memorial Hospital.

The case proceeds under a negligence tort theory, the elements of which are well defined by case law. The duty of care that is owed to the Claimant depends upon his status at the time of the injury. The Claimant was clearly a business invitee, as he was on the premises to sell paint to the State of Illinois. As such, the State owed a duty of reasonable care to the Claimant for conditions existing on the premises. (*Kumiga v. State* (1966), 26 Ill. Ct. Cl. 77/431; *White v. State* (1966), 26 Ill. Ct. Cl. 77.) However, the State is not an insurer of the premises over which it has control and in order for liability to attach it must have actual or constructive notice of the condition causing the injury complained of. *Kriesal v. State* (1978), 32 Ill. Ct. Cl. 101.

We think that the State allowed a dangerous condition to exist under the facts in this case by allowing a crowd so large to block the doorway, to block the vision and use of the handrails, and to prevent safe access to passage from the exit down the stairs, and all

the while eating during the noon hour. Due to the size of the crowd and the time of day, we think that the State should have known the conditions to be dangerous and that a fall was foreseeable. However, we also find that there was a great amount of negligence on the part of the Claimant in encountering these conditions and failing to exercise due care for his own safety and well being.

Under the doctrine of comparative negligence, which was adopted prior to this case going to trial, we find that the Claimant was 85% negligent and the Respondent was 15% negligent. Damages, for expenses, pain, suffering, disability, and lost wages and benefits are found to be $25,000.00. Therefore, the Respondent is liable to the extent of $3,750.00.

It is hereby ordered that the Claimant be, and hereby is, awarded the sum of $3,750.00