(No. 78-CC-0892–▮▮▮▮▮▮▮▮▮▮▮▮▮

MICHAEL BAUER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed September 20, 1985.*

HEYL, ROYSTER, VOELKER & ALLEN (JOHN A. ESS, of counsel), for Claimant.

NEIL F. HARTIGAN, Attorney General (SUE MUELLER, Assistant Attorney General, of counsel), for Respondent.

RAUCCI, J.

On July 31, 1977, the Claimant was upon the premises of the Illinois State fairgrounds in Springfield, Illinois, in a playground area with his wife and two minor children. The Claimant used a swing and, while doing so, the seat broke loose, causing him to fall to the ground. The swing had a wide strap rubber type seat

and was connected to a bracket with rivets which, in turn, were connected to chains suspending the seat. The swing broke where the strap was connected to the bracket. The accident occurred while the Claimant was swinging in a 60-degree arc, front to back. There were no signs, notices or warnings present concerning the swings, playground or use of equipment and one swing of a similar size had already been broken.

When the swing broke, the Claimant fell to the ground, injuring both hands and both ankles; the left ankle being fractured in the fall. He was treated with medication and casting of the ankle.

The equipment was owned and maintained by the State under the charge of Willard Reside who was carpenter foreman. Mr. Reside testified that the equipment was inspected about twice yearly and the last inspection prior to the date of this accident was probably during the month of May, but could have been during the month of April. No records were available regarding any inspections or repairs done. The swings were adult size, there were smaller swings, and no signs were posted concerning use of swings.

On prior occasions, several swings had broken at the same place as Claimant's accident.

This Court has previously stated the standard of care required of the State. In *Bugle v. State* (1967), 26 Ill. Ct. Cl. 173, another State fairgrounds injury case, we stated:

"A person who is on the premises of another by invitation, express or implied, of the owner, has the legal status of an invitee. A business owner's duty to a customer, as an invitee, is to exercise reasonable care to discover defects or dangerous conditions on the premises, and a business owner is liable for injuries resulting from a condition, which he could have discovered in the exercise of reasonable care."

And, in *Kenny v. State* (1956), 22 Ill. Ct. Cl. 247, we

held that the State "was obliged to use ordinary or reasonable care" in keeping the fairgrounds safe. On this record before us we find that the State did not use ordinary and reasonable care.

The State's reliance on Judge Holderman's opinion in *Claycomb v. State* (1981), 35 Ill. Ct. Cl. 200, is misplaced. In *Claycomb*, the injured party, a 14-year-old boy, had been "popping" the swing and jumping out of it. Additionally, the swing had been inspected nine days earlier. Here, the Claimant was using the swing in a manner consistent with safe practice, and the inspection was three to four months earlier.

It is the Court's opinion that the State was negligent in failing to exercise reasonable care to properly and adequately inspect, maintain and repair the swing equipment. The evidence established that at various times there were broken swings, and the State cannot ignore their existence or excuse it based upon the size of a facility.

Claimant suffered damages in the amount of $266.10 for medical treatment. Additionally, he lost 10 days work which equals $608.00 in wages. Therefore, his total loss amounts to $874.10.

At the time of the hearing, Claimant still experienced pain at various times from his injuries. Additionally, he encountered difficulty in running and jogging. The State did not contest these representations.

It is therefore ordered that Claimant is awarded three thousand and 00/100 dollars ($3,000.00) in full and complete satisfaction of this claim.