(No. 84-CC-2506—)

SIDNEY E. BERGER, Claimant, *v.* BOARD OF TRUSTEES OF THE UNIVERSITY OF ILLINOIS, Respondent.

*Opinion filed January 4, 1988.*

*Order on denial of rehearing filed April 28, 1988.*

DOBBINS, FRAKER, TENNANT, JOY & PERLSTER (JOHN B. HENSLEY, of Counsel), for Claimant.

Franklin, Flynn & Palmer, for Respondent.

OPINION

Dillard, J.

The Claimant, Sidney E. Berger, filed his complaint against the University of Illinois on March 19, 1984. His claim is that on October 6, 1983, at approximately 3:10 p.m., he was a paying guest of a member, playing ping pong at the Intramural Physical Education (IMPE) Building on the Champaign-Urbana campus of the University of Illinois. While he played the game, he alleged he went for a ball and stepped onto the overhang of a net which hung from the ceiling of the building. The net caused him to fall to the floor and sustain serious bodily injury. He claimed the State was negligent for

having allowed the net to rest on the floor and extend a foot or more into the area of play surrounding the ping pong table. He averred the Respondent was negligent in that the State failed to warn him of the alleged foreseeably dangerous condition.

A trial was held before the Commissioner on August 12, 1986. The evidence consisted of the transcript of evidence, the evidence deposition of James P. Davis, Claimant's exhibits one through six, and Respondent's exhibits one through seven. The cause has been fully briefed by both parties and oral argument was held on November 10, 1987, before the full Court.

## Relevant Facts

Claimant regularly played ping pong and swam (at least 10 to 15 times) in the IMPE building of the University of Illinois. On October 6, 1983, a friend bought Claimant a ticket to get into the building. Claimant and friend were the only persons in the ping pong room at the time of the injury.

There was a rope net behind Claimant about five feet away while he played. The floor was made of linoleum tiles and was clean and dry. The games were not competitive and they played mainly for the fellowship. They never played hard enough to break a sweat. Claimant testified he had never taken any particular note of the net behind him and did not know if he had moved it that day. On prior occasions, he recalled the net may have been pulled aside and he may have pulled it on some prior occasion. He did not remember if he pulled the net on the date of the injury.

On the accident date, he was playing the game, he stepped back to get a shot, and fell down. He recalled

very few details of the shot preceding the fall or the actual fall. He did remember that his right foot stepped down on the net and that he fell very powerfully.

Mr. Craig Stinson testified that he was the assistant director of campus recreation for the University of Illinois on October 6, 1983. The University of Illinois was responsible for the operation and maintenance of the IMPE building. The ping pong area was set up so that the playing ends of adjacent ping pong tables were separated from one another by nets that hung from the ceiling on rails. The nets had been hung this way since 1971 and as depicted in the photographs in evidence. There had been in October of 1983 and since 1971, an excess of netting on the floor. The University did have a man responsible for repairing the nets. The purpose of the nets was to keep other ping pong balls from other tables from dangerously coming into adjacent play areas. The nets were white and the floor was black. The room is well lit.

Craig Stinson further testified that he received a phone call from the Claimant on October 7, 1983, at about 3:30 p.m. reporting the injury from October 6, 1983. Mr. Stinson could not recall Claimant making any reference to a shoulder injury when he reported the incident and had marked right knee, hip and elbow on the injury report. Claimant had indicated the severity of the injury was "moderate" on October 7, 1983. No report was made by Claimant on the date of the injury even though five or six employees were on duty that day.

The employee of Respondent had also reviewed all of the records of injury at the IMPE building and there was no record of any similar injury to that of Claimant. He did not believe the nets posed a hazardous condition

or posed a hazard for those people who played ping pong.

## The Law

Claimant and Respondent spend a great portion of their respective briefs debating whether Claimant was an invitee or a licensee. It is clear from the evidence that Claimant was an invitee for whom a duty of reasonable care for his safety was owed by Respondent to Claimant. (*Talbott v. State* (1983), 35 Ill. Ct. Cl. 885; *Nolan v. State* (1983), 36 Ill. Ct. Cl. 194.) The State of Illinois is not an insurer of the safety of persons visiting its recreation areas but rather such visitors are owed a duty of reasonable care in maintaining the premises. *Heiman v. State* (1977), 32 Ill. Ct. Cl. 111.

The Court of Claims has often laid down the rule that the Claimant bears the burden of establishing by a preponderance of the evidence that Respondent breached its duty of reasonable care, that Claimant was free of contributory negligence, that the negligence of Respondent proximately caused the injury, and that the State had actual or constructive notice of the dangerous condition from all the circumstances in the case. *Rossett v. State* (1985), 37 Ill. Ct. Cl. 118; *Talbott v. State* (1983), 35 Ill. Ct. Cl. 885; *Hitt v. State* (1982), 35 Ill. Ct. Cl. 798; *Claycomb v. State* (1981), 35 Ill. Ct. Cl. 200; *Nolan v. State* (1983), 36 Ill. Ct. Cl. 194.

There is no evidence presented to this Court that the State had actual or constructive notice that the hanging nets constituted a dangerous and unusual condition for which the State had a duty to warn invitees and protect them from harm. This was the first accident of this type since the nets were hung in 1971. *Becker v. State* (1983),

35 Ill. Ct. Cl. 704; *Boaz v. State* (1982), 35 Ill. Ct. Cl. 594; *Nolan v. State* (1983), 36 Ill. Ct. Cl. 194.

Ping pong is not a dangerous sport, especially when played by noncompetitive people who have played in the same room 10 to 15 times before. No one else was in the room with Claimant and the friend. They had to have seen the white nets against the black tile floor. This was not a dangerous condition. *Rossett v. State* (1985), 37 Ill. Ct. Cl. 118; *Marquis v. State* (1985), 37 Ill. Ct. Cl. 221; *Nolan v. State* (1983), 36 Ill. Ct. Cl. 194.

The record in this case is completely devoid of any actual or constructive notice of any defect in the area where the accident took place. This Court has held on many occasions that before recovery can be had, Claimant must prove the State had actual or constructive notice of a defect. In this case, the Claimant has not proved a dangerous condition existed or that the State had knowledge or should have known of a dangerous condition in the ping pong nets, particularly since there had been no previous accidents involving the nets though they had been in existence many years. *Nolan v. State* (1983), 36 Ill. Ct. Cl. 194; *Sewell v. The Board of Trustees of Southern Illinois University* (1979), 32 Ill. Ct. Cl. 430.

For the foregoing reasons, it is hereby ordered that although Claimant unfortunately suffered injuries, his claim is denied.

ORDER ON DENIAL OF REHEARING

DILLARD, J.

This cause coming on to be heard on Claimant's petition for rehearing, the Court finds that the Claimant

has not shown good and proper cause why such petition should be granted.

It is hereby ordered that the petition is denied.