<hr/>

(No. 83-CC-1227—)

FRANCIS A. BOYLE and WALTER BOYLE, Claimants, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 30, 1989.*

BOYLE, GOLDSMITH, SHORE & BOLIN, for Claimants.

NEIL F. HARTIGAN, Attorney General (SUZANNE SCHMITZ, Assistant Attorney General, of counsel), for Respondent.

MONTANA, J.

This is an action by the Claimants, Francis A. Boyle and Walter Boyle, to recover for damage to their personal property and real estate allegedly sustained as the result of a flood which occurred on the evening of July 6 and morning of July 7, 1982. The Claimants alleged that their damages were sustained as a result of the negligent maintenance of Clear Creek Bridge in Putnam County, Illinois. In the alternative, the Claimants allege that the bridge itself was defectively designed. Clear Creek Bridge is maintained by the Illinois Department of Transportation and it carries Illinois Route 26 over Clear Creek and is situated in Putnam County, Illinois.

At the location in question, Illinois Route 26 runs generally north and south and is a two-lane paved highway. Clear Creek is an intermittent stream and it flows generally from east to west toward the Illinois River. Clear Creek drains an area of approximately 24,000 acres.

At the time of the occurrence, the Claimants were operating a grain and livestock farm adjoining the intersection of Clear Creek and Illinois Route 26. The damages were sustained as a result of the flood. when a portion of the Claimants' levee was breached by the flow of water within Clear Creek damaging a portion of their 1982 corn, soybean and alfalfa crop. In addition to the crop damages, the Claimants allege partial permanent damage sustained to their real estate. The Respondent has stipulated to the personal property damage in the amount of $10,163.59, leaving the real estate damage in the amount of $4,500.00 to be resolved by the Court along with the liability issue.

Evidence was submitted by the Claimants and by the Respondent, oral argument was made to Commissioner Bruno Bernabei and the parties have filed their respective written briefs. The Commissioner duly filed his report and the matter is before the Court for decision on the merits.

After a consideration of the documentary and oral testimony offered by the respective parties and after considering the oral arguments and written briefs, the Court finds, and is of the opinion that, the issues are in favor of the Claimants as the same relate to the allegation that the Respondent has negligently maintained Clear Creek Bridge and in relation to the damages thereby sustained. The Court makes no findings as to the Claimants' allegations that the Clear Creek Bridge was defectively designed and no opinion is rendered on that issue.

The Court further finds that the State of Illinois and the Illinois Department of Transportation were charged with the duty of properly maintaining Clear Creek Bridge on July 6 and 7, 1982, and prior thereto; that prior

to the date of the flood, a large amount of sand, silt and debris accumulated at and beneath the opening to Clear Creek Bridge and that the Respondent had actual notice of said accumulation prior to the date of the flood herein concerned.

The Court further finds that, in any event, the Respondent would be charged with constructive notice of the presence of the accumulated debris at and beneath Clear Creek Bridge in sufficient time prior to the flood of July 6 and 7, 1982, in order to have taken remedial efforts to remove said accumulation. In this regard, the Court finds the testimony of Engineer Renwick to be persuasive in that the area in and around Clear Creek Bridge was susceptible to erosion and the accumulation of debris, sand and silt was a foreseeable event as alleged by the Claimants and that the geography and topography of the watershed area of Clear Creek made it likely that an accumulation of debris, sand and silt would result. The Court further finds, as admitted by the Respondent herein, that there was no inspection of the area beneath Clear Creek Bridge for nearly two years prior to the occurrence herein.

The Court further finds that the failure on the part of the Respondent to ascertain that there was an accumulation of debris, sand and silt at the Clear Creek Bridge and the Respondent's further failure to effect a removal thereof, constituted negligent maintenance on its part and that as a direct and proximate result of that negligent maintenance, the backwater condition was allowed to occur on the evening of July 6 and morning of July 7, 1982, during the rain which occurred on those dates, and that as a result of the backwater condition within Clear Creek, the waters within Clear Creek topped the Claimants' dike resulting in a breach to the same and the ensuing flood upon the lands owned and

operated by the Claimants, all of which resulted in the damages sought by the Claimants herein. The Court finds that the Claimants have sustained damage to personal property in the sum of $10,163.59 as stipulated, and damages to real estate in the additional sum of $4,500.00 as testified to by Claimants and not rebutted by the Respondent.

Claimants have met their burden of proof by a preponderance of the evidence that the State had actual or constructive notice, and that Respondent breached its duty of reasonable care. Further, the Respondent may be charged with constructive notice of a dangerous condition when, from all circumstances in the case, it is determined that the State should have been aware of the existence of this condition in the exercise of reasonable care. *Talbot v. State* (1983), 35 Ill. Ct. Cl. 885.

It is therefore ordered that Francis A. Boyle and Walter D. Boyle be, and hereby are, awarded the sum of $10,163.59 for the damage to personal property; it is further ordered that Francis A. Boyle, pursuant to the assignment from Walter D. Boyle, be and hereby is awarded the sum of $4,500 for damages to real estate.