(No. 88-CC-1963— )

VICTOR ROSARIO, Claimant, v. THE STATE OF ILLINOIS, Respondent.

*Opinion filed January 9, 1991.*

NEIL KAUFFMAN, for Claimant.

NEIL F. HARTIGAN, Attorney General (STEVEN SCHMALL, Assistant Attorney General, of counsel), for Respondent.

## OPINION

SOMMER, J.

This claim has been brought by Victor Rosario, an inmate of the Joliet Correctional Center at the time of the injury. The Claimant seeks damages for injuries sustained by him while playing basketball on a prison gym floor on March 10, 1987. The Claimant alleges that the gym floor was made of wooden strips; and that his foot went through the floor to a depth of above four or five inches, causing him to injure his right ankle and to break a bone in his upper right instep.

The State has a duty to inmates of penal institutions to maintain reasonably safe conditions. (*Reddock v. State* (1978), 32 Ill. Ct. Cl. 611.) However, the existence of a defect is not in itself negligence on the part of the State. (*Palmer v. State* (1964), 25 Ill. Ct. Cl. 1.) The State must be shown to have had actual or constructive knowledge of the defect.

Mr. Bruce Berger, executive assistant to the Warden at the Joliet Correctional Center, testified for the State. Mr. Berger had been a correctional leisure specialist in charge of recreational facilities at the institution. Mr. Berger stated that he had played on the floor in question every day for a number of years and that the floor was

used for varsity basketball games and running programs. He further testified that some of the rubber had failed to bond to the concrete floor; therefore, some small patches to a depth of less than 5/8 of an inch had been cut out exposing the concrete. He had never seen a situation in which the floor had caused falling or injury and he believed the floor to be safe.

The Claimant's testimony that the floor was wooden and that his foot went through it to a depth of four or five inches identified the defect as weak wooden flooring. The State's evidence directly contradicts the Claimant's description of the floor but did identify a possible defect, the cut-out places on the floor. No evidence was introduced to support the Claimant's testimony as to the nature of the defect, if any, which caused his injury.

The Claimant is required to prove his claim, that is, among other things to identify the defect that caused his injury in order to distinguish it from an ordinary twisting and failing of the ankle that often occurs in basketball games. This Court finds that the Claimant has not proven by a preponderance of the evidence that the injury was caused by the defect he claimed or any other defect. It is therefore, ordered that this claim be denied.