(No. 88-CC-1901—)
HAZEL HARDER, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed October 25, 1991.*

HINSHAW & CULBERTSON, for Claimant.

ROLAND W. BURRIS, Attorney General (JOHN R. BUCKLEY, Assistant Attorney General, of counsel), for Respondent.

## OPINION

Burke, J.

Claimant, Hazel Harder, brought this claim for damages against the State of Illinois for personal injuries she sustained from a fall at the entrance of the Old State Capitol Building in Springfield, Illinois, on April 5, 1987. A hearing was held on October 11, 1990, and the parties submitted briefs.

Claimant, while in the company of other members of her immediate family, went to the Old State Capitol shortly before 3:00 p.m. on April 5, 1987. She entered the building through the front entrance after climbing a series of steps to a porch area and one additional step to a portico of the same level as the entrance to the building. Claimant, who was 80 years of age, remained in the first floor area of the building until the other members of her family finished viewing the interior of the building. At approximately 3:00 p.m., Claimant exited the building in the company of her family. She fell while negotiating the step from the portico to the porch area; said step is approximately 1½ to 5 inches high and was not marked or distinguished in any way to separate it from the remainder of the porch area. As a result of the fall, Claimant suffered injuries to the face and to the right eye causing her to incur medical expenses of $1,319.67.

Claimant asserts that Respondent is guilty of negligence by failing to provide guard rails on the step from the portico to the porch and for failing to warn Claimant of the deceptive and/or hazardous condition of the steps when Respondent knew or should have known said steps were deceptive and/or hazardous.

It is clear from the evidence that the Claimant was an invitee for whom a duty for reasonable care for her safety was owed by Respondent. (*Talbott v. State* (1983), 35 Ill. Ct. Cl. 885; *Nolan v. State* (1983), 36 Ill. Ct. Cl. 194.) However, the State of Illinois is not an insurer of the safety of persons visiting its recreation areas, but such visitors are owed a duty of reasonable care in maintaining the premises. *Berger v. Board of Trustees of University of Illinois*, 40 Ill. Ct. Cl. 120.

Claimant failed to present any evidence that the Respondent had actual or constructive notice that the design, construction and maintenance of the step leading from the portico to the porch constituted a dangerous, deceptive and/or hazardous condition. No evidence was offered showing that other persons fell and suffered injuries at this location. Claimant's witness testified that during the calendar year 1987 more than 167,000 people visited the premises and that 95% of said visitors (158,650) entered the building through the same doorway and that 60% of said visitors (100,200) exited through this same door, and stepped down the same step where Claimant fell. During calendar year 1987, no other falls were reported other than a fall in August of 1987 which was several months after the Claimant's fall and injury.

In light of the many visitors who negotiated the entry to the building and exited therefrom without incident, the area of the fall was not a deceptive or hazardous condition and Respondent was not negligent. Claimant's claim is denied for failure to prove by a preponderance of the evidence that the Respondent was guilty of negligence by failing to provide guard rails on the step from the portico to the porch and for failing to warn Claimant of the alleged deceptive and/or

hazardous condition of the steps when Respondent knew or should have known said steps were deceptive and/or hazardous. It is not necessary to consider the medical expenses incurred and the extent of the injuries sustained by Claimant.

Wherefore, it is hereby ordered that the instant claim is denied.