(No. 91-CC-3379-)

JANET HOLMAN, Claimant, *v.* THE STATE OF ILLINOIS, Respondent.

*Opinion filed March 6, 1995.*

ROUTMAN & LAWLEY, LTD. (ROBERT LAWLEY, of counsel), for Claimant.

JIM RYAN, Attorney General (DEBORAH ROSE, Assistant Attorney General, of counsel), for Respondent.

## OPINION

MITCHELL, J.

The Claimant filed her complaint in the Court of Claims on May 20, 1991, seeking $30,000 in damages from the State of Illinois. She claims these damages for her pain, suffering, permanent injury, lost wages and medical bills which she incurred as a result of the State's breach of duty to maintain reasonably safe conditions at the Illinois State Museum Halloween event and display.

A trial was held on November 4, 1993. The evidence consists of a report of the trial proceedings, a photograph of the room where the injury occurred, the visitor's accident report, evidentiary stipulations as to Claimant's lost wages and medical bills, proposed testimony of treating physician Dr. Clifford Lynch, and an advertisement in the Halloween event at the Illinois State Museum. Both the Claimant and Respondent have filed briefs in this case.

### Facts

The Claimant was attending a Halloween party at the Illinois State Museum with her grandson on October 26, 1990. The party had been advertised locally in the newspaper and through flier advertisements. The advertisement requested that children be accompanied by an adult, to come in costume and to bring a flashlight. The museum had set up different display rooms to hand out candy to the children and give the appearance of a "haunted

house." The Claimant entered the Discovery Room with her grandson.

Under normal conditions the room is arranged with tables and low-seated benches for children to use in the museum's regular displays. These tables and benches had been moved into the upper-right-hand corner of the Discovery Room next to the wall. In the middle of the room, there was a "slime pot" display where the children received the Halloween treat. The overhead fluorescent lights were turned off; however, the track lights on the left side of the room were turned on and dim. The track lights on the right side of the room near the tables and benches were not lit. The room was dark enough that the children's flashlights could be clearly seen. There were approximately 40-50 people in the room at the time of the accident.

The Claimant entered the room with her grandson. They proceeded in the direction of the pot in the middle of the room to see what was going in the pot. Her grandson then ran around the pot to the right corner toward the wall. As the Claimant followed, she tripped over the corner of a bench stored in that section of the room. She fell, making contact with the left corner of the bench. She experienced great pain in her upper left arm. The staff helped her to her feet. Her father was called and she went to the emergency room. Claimant has testified that she did not see the low-seating bench because it was so dimly lit in the Discovery Room.

Elaine Beckman is the associate curator of education for the Illinois State Museum. She was in charge of the museum Halloween program. She testified that the table and benches had been moved toward the right side of the room. She stated that the room was dimly lit and that only one or two track lights were on at the time. The bench

the Claimant tripped over was approximately five feet wide and a foot and a half tall. She did not believe that the lights near the right side of the room were on. Ms. Beckman prepared the accident report submitted into evidence.

The Claimant was treated at the emergency room, where she was diagnosed with a fracture of the proximal humeral head of her left arm as a result of the fall. Claimant returned home, but was unable to work for 12 to 13 weeks. She suffered lost wages of $5,920 and incurred medical bills totalling $4,411.37. Claimant sustained permanent damage to the articular surface of the elbow joint as a result of the fracture, in the form of a limited range of motion of her arm. She regained 75 to 80% of her normal range of motion by the time she left Dr. Clifford's care. She has testified that she has a constant ache, and her injury interferes with lifting heavy objects and working overhead. She does not require any surgery.

### Law

The Claimant presents a tort theory of recovery. She claims the State is responsible for her injuries because it breached its duty of reasonable care by inviting persons to the Halloween display where lighting was dim and low-lying furniture was not properly illuminated or stored in the display room.

The Court has recognized that the State is not the insurer of safety of invitees and that it must only exercise reasonable care for their safety. The Claimant has the burden of proving by a preponderance of the evidence that the State was negligent. (*Talbor v. State* (1983), 35 Ill. Ct. Cl. 885, and *Fausch v. University of Illinois* (1989), 42 Ill. Ct. Cl. 175, 180.) In order for the Claimant to prevail on her claim, she must show that the premises were in a

defective condition, that the defective condition was created by the State, or that the defective condition existed for such a period of time as to allow the State to know of the defect and correct it, and that the defect caused the injury. *Rosario v. State* (1991), 43 Ill. Ct. Cl. 282.

As Elaine Beckman testified, the State was fully aware of the positioning of the tables and benches in the right hand corner of the room. The State was fully aware of the dim lighting in the room, and that no lighting was highlighting the position of the tables and benches. In fact, the State was responsible for placing the furniture in the corner and for the lighting conditions in the Discovery Room during the Halloween display. This poor lighting and positioning of the furniture was a defective condition in the room. The visitors to the museum were not aware of the location of the furniture and although they were requested to bring flashlights, this does not obviate the State's duty of reasonable care to the visitors. The State had actual notice of the defect in the room as it had created the defect.

The Respondent has argued that there is no obligation to protect an invitee against dangers which are known or which are so obvious or apparent that the invitee may reasonably be expected to discover them. (*Rosario v. State* (1991), 43 Ill. Ct. Cl. 282.) The evidence clearly shows that the Claimant did not know that the furniture was stored in the corner of the room. She could not have known because the lighting was so dim that she could not see the bench until she tripped over it. The dangerous placement of the furniture was neither obvious nor apparent, therefore the Claimant cannot be reasonably expected to discover it.

The Claimant demonstrated that she did not contribute to the negligence in the accident. She was merely

following her grandson to the corner of the room. She comported herself reasonably and appropriately under the conditions of the room. The museum had invited children to their display to be accompanied by an adult. The Claimant was following and supervising her grandson when the accident occurred. Illinois has adopted a modified comparative negligence jurisdiction. Section 2—1116 of the Code of Civil Procedure (735 ILCS 5/2—1116) provides that if plaintiff is more than 50% responsible for her injuries, recovery is barred. The evidence does not support the contention that the Claimant is more than 50% responsible for her injuries.

The Claimant has met her burden of proof. She has shown by a preponderance of the evidence that the State acted negligently in placing furnishings in a dimly-lit room where visitors could not know of their location. The State did not exercise its duty of reasonable care. For the foregoing reasons, the Claimant is granted an award of $20,000.