(No. 94-CC-0459–)

J. Bradley Young, Claimant, *v.* The State of Illinois, Respondent.

*Order filed May 7, 1996.*

Joseph L. Racine, for Claimant.

Jim Ryan, Attorney General (Jon McPhee, Assistant Attorney General, of counsel), for Respondent.

## ORDER

MITCHELL, J.

The Claimant, J. Bradley Young, filed his complaint with the Court of Claims on September 1, 1993, seeking damages in the amount of $5,200 from the State of Illinois for property damage as a result of an automobile accident in which Claimant's vehicle collided with a Department of Transportation salt truck. The Claimant contends that the Respondent's employee was negligent in the operation of the salt truck and that negligence was the proximate cause of the collision.

A hearing was held before this Court on September 22, 1994. The evidence consists of testimony by the Claimant and the driver of the salt truck. The filing of briefs was waived by the parties.

## FACTS

On January 20, 1993, at approximately 6:15 p.m., the Claimant was operating his 1987 Audi 4000S in the left lane of Interstate 55 near Litchfield when he attempted to pass another vehicle and an IDOT salt truck. Both vehicles were traveling northbound in the right lane. It is uncontroverted that the roadway was icy, and it was sleeting

at the time. The Claimant was traveling at approximately 25 mph while the salt truck, driven by IDOT employee, Steven Voegele, and the other vehicle, a Ford Pinto, driven by an unknown motorist, were traveling between 15 and 20 mph.

The Claimant testified that he was driving in the left lane a car length or two behind the salt truck when the salt truck, without signaling, turned from the right lane, across the left lane and into a U-turn lane on the left that connects the northbound and southbound lanes of Interstate 55. The Claimant testified that he attempted to apply his brakes, but the icy road conditions made it impossible for him to stop. Claimant then attempted to drive onto the U-turn lane. The rear of his vehicle fish-tailed and collided with the left rear side of the salt truck. The Claimant testified that the car was totaled and that 30 days later he purchased a vehicle of identical make, model and year for $5,200.

Voegele admitted that he was acting in the scope of his employment with the Department of Transportation when the collision occurred. Voegele testified that he signaled his turn between 200 and 300 feet before the U-turn lane, and that he checked his mirror for vehicles traveling in the left lane prior to changing lanes and saw no vehicles. He testified that he had gotten into the left lane 100 feet before the U-turn lane.

## LAW

In cases involving negligence in an automobile accident, the trier of fact must determine that it was the duty of the Respondent at the time of the occurrence to use ordinary care for the safety of the Claimant, and that his failure to do so caused the injury or property damage to the Claimant.

Regarding the exercise of reasonable care, operators of State vehicles are charged with the same duty of care as other drivers upon the highway, and the State is liable for damages proximately caused by the operator's negligent acts. *Marquis v. State* (1985), 37 Ill. Ct. Cl. 221, 222.

The duty of care with which the Respondent is charged is to see that which he clearly should see. (*Id.* at 223.) In addition, testimony of a driver that he looked but did not see will not absolve him of a charge of negligence occasioned by failure to look. (*Grass v. Hill* (1981), 94 Ill. App. 3d 715, 418 N.E.2d 1137.) Regardless of whether Voegele executed a lane change before turning into the U-turn lane or whether he signaled his lane change or turn, he had a duty to see a vehicle overtaking him at a relatively slow rate of speed. Voegele should have seen the Claimant's vehicle if he had looked before changing lanes or turning. Therefore, Voegele was guilty of negligence.

Regarding whether Voegele's negligence was the proximate cause of damage to the Claimant's vehicle, it was foreseeable that because of the slick road conditions, a vehicle attempting to pass the salt truck would be unable to stop in time to avoid colliding with the salt truck. Clearly the action of Voegele driving into the lane in which the Claimant was traveling without seeing the Claimant's vehicle caused the Claimant's automobile to collide with the salt truck.

Regarding the amount of damages, it was uncontroverted that the Claimant's vehicle was totaled. Nor did Respondent contest that the value of the vehicle was $5,200 at the time of the accident, as evidenced by the fact that the Claimant purchased a vehicle of identical make, model and year for $5,200. Therefore, the Claimant is awarded $5,200.